## Leighton Richards v. George Tozer.

*Practice in supreme court.* It is incumbent upon a plaintiff in error, in order to reverse the judgment against him below, to show both that the rulings complained of are erroneous, and that he was prejudiced thereby.

*Trover: Deed: Reservation: Logs: Removal.* One who bases his right to recover in trover for a quantity of logs, upon an exception and reservation to himself in his conveyance of the land on which the logs were cut, of an undivided one-half of the pine timber with the right to enter and take it away before 1868, cannot recover without proof that the logs were taken away by him before the time limited.

*Practice in supreme court: Errors that do not prejudice.* And where in such a case there was no such proof, and the ruling and charge of the circuit judge was equivalent to a direction to find for the defendant upon other grounds, the

judgment of the court below will not be reversed on error at the instance of the plaintiff, whether the rulings complained of were correct or not; for, on the whole case it appears that he was not entitled to a verdict in any event, and therefore the rulings to which he excepted did not prejudice him.

*Heard July 8.     Decided July 15.*

Error to Lapeer Circuit.

*W. Hemingway* and *H. Geer,* for plaintiff in error.

*J. M. Wattles* and *A. C. Baldwin,* for defendant in error.

GRAVES, J.

The plaintiff in error brought trover for a quantity of pine saw logs cut and taken from the N. W. ¼ of the S. E. ¼ of section 2, in Deerfield, in Lapeer county. Verdict and judgment passing against him, he brought the case here on writ of error and bill of exceptions.

It seems that this lot in question was unoccupied, and the plaintiff, in order to establish his right to the logs, gave evidence that in 1862 he obtained a tax deed of the land for the taxes of 1860, and in December, 1863, quit-claimed to Nelson Newman, who held the patent title; that in and by this quit-claim he excepted and reserved to himself an undivided half of the pine timber, with the right to enter and take it away before 1868.    He also gave evidence that the consideration for this quit-claim to Newman was this timber as reserved in the deed.

The plaintiff founded his right to the logs sued for, upon this provision in the quit-claim deed, and his whole claim rested ultimately upon it.    The defendant was allowed, under objection, to show an oral purchase of the land and timber by him, of Newman, in 1868, and also to question the tax title of which Newman had taken an assignment through the quit-claim deed which contained the reservation in the plaintiff's favor.    Besides this the court charged that the plaintiff was required to show, in order to recover, that he had title to the land, and also charged in substance

that the defendant was in a situation which allowed him to show, and that he had shown, that the tax title was invalid. The effect of this charge was equivalent to a direction to find for the defendant.

The plaintiff objects to these rulings, and insists that they require this court to reverse the judgment. But at this stage of the inquiry we encounter another question, which is, whether, admitting that the court erred, it is made to appear that the plaintiff was prejudiced. Because, in order to reverse, there must not only be error, but one which was prejudicial. If he was not entitled to recover upon the showing made, if his case lacked some fundamental, some indispensable ingredient, then a charge to find against him was not only admissible, but proper, and incorrect rulings were not harmful to him in any legal sense. If the result reached by the jury was the only one which the law of the case admitted, he was not, in any view which the law takes, prejudiced by the rulings complained of. It was therefore incumbent upon the plaintiff on coming to this court, to so shape his case upon the record as to enable us to see that the court below not only erred, but erred to his prejudice; and in order to accomplish this it was requisite for him to so present matters that we might see that there was some ground upon which a verdict could have been given in his favor under correct rulings. Has this been done? His right to recover at all, or which is the same thing, his right to the logs, was rested by him on the passage in the quit-claim deed, and it is very clear that under and by force of that he was only entitled to take logs from the land before the year 1868, and by virtue of it could invest himself with no right to any by taking later.

From this it is evident that his right to a verdict upon any admissible view of his case depended upon proof in some way that the logs in question were taken by him before 1868.

Now we have examined the bill of exceptions very critically to discover some evidence that the logs in controversy

were taken by the plaintiff within the time allowed, and that examination has not enabled us to discover any.     On the contrary, the case, and course of counsel, rather favor the idea that these logs were taken by the defendant, and after the time limited by the exception in the quit-claim deed.   We are, therefore, unable to say upon this record, as we find it framed, that the plaintiff suffered any prejudice by the different rulings objected to, though it be admitted that they were incorrect.

Under these circumstances we are constrained to affirm the judgment, with costs.

CHRISTIANCY, CH. J., and COOLEY, J., concurred.

CAMPBELL, J., did not sit in this case.