Cooley, Ch. J.:
In this ease the specific performance of a contract for the sale of lands is resisted by the assignee of the vendor on the ground that the vendees had forfeited the contract by taking off timber from the land in violation of its conditions. The fact is admitted, but it is sought to be justified by a parol agreement with the vendor that the vendees might cut the timber in consideration of hastening the time for the payment of the purchase price. This agreement, if made at all, was made before the contract of sale was assigned, and was unknown to the assignee and unperformed at that time. When he found the timber was being taken off, he declared the contract forfeited for that cause and brought suit in ejectment for the lands. The vendees then tendered the purchase moneys, with taxable costs in the ejectment suit.
The agreement that the timber might be cut is not satisfactorily made out. As the value of the land consisted mostly in the timber, and the contract was evidently a very valuable one to the vendees, the showing on this point ought to have been very clear. The vendor denies any such arrangement, and the testimony in contradiction of his is not very consistent. Moreover, while the ^understanding, if there was one, remained unperformed, it was a mere license, and would be revoked bv the vendor’s sale of his contract to one ignorant of it.
But we think that when the vendees came without much delay and tendered payment of the purchase price it should have been received. The only reasonable objection to their action at this point is, that they only tendered as costs such as were taxable. As they were seeking relief against a forfeiture, they *226 should have tendered sufficient to make the other party whole. He had brought a suit in ejectment in a distant part of the state from his residence, and had also gone before a commissioner and obtained an order to stay waste. Considering all the circumstances, including the value of the land and the undoubted fact that it was sold much below the real value, we think an allowance of two hundred dollars beyond the taxable costs would have been reasonable.
The original vendor was made a party defendant, and costs were awarded against him. This was erroneous. He had .assigned the contract subject to the vendees’ rights, and no fault is attributable to him in any way. He disclaimed .when brought in, and there was no occasion for further retaining him as a party. As to him the decree should be reversed, and he should recover costs of both courts. As to the other defendant the decree may be modified by making to him the allowance of two hundred dollars, before suggested as reasonable, and also by denying costs. We think neither party has any claim to costs in either court, and none will be awarded.
The other justices concurred*