·OBADIAH B. WAIT v. HENRY BALDWIN AND JOHN Mc-LAUGHLIN.

*Deed of land—Exception of timber—Title remains in grantor, with implied right of removal—Such right does not rest on license from grantee— Is an interest in the land—If deed recorded, subsequent purchaser takes subject to such interest—Evidence—Agency.*

1. Plaintiff ·conveyed a parcel of land, inserting in his deed after the description, "excepting timber therein." He afterwards sold the *pine* timber, and the purchasers removed the most of it from the land. Plaintiff's grantee deeded the land, and it was afterwards conveyed to defendant—the timber not being reserved in either deed—and defendant cut a portion of it, which was replevied by plaintiff, he claiming ownership under the exception in his deed, which was duly recorded.

Held, that the *title* to the timber remained in the plaintiff, who, by the transaction, had an *implied* power to enter, fell, and take it away. That such title was of the same binding force and effect as if the whole estate had been granted by the deed, and then the grantee had reconveyed the timber to the plaintiff; in which case the plaintiff's right to enter upon the land, and cut and remove the timber at pleasure, would have passed as an incident of the grant, and could not have been revoked by his grantor so as to defeat the grant, to

which the right was incident, unless coupled with a limitation as to time of enjoyment.

2. The right of a grantor to enter upon land and remove timber excepted from the grant contained in his deed, without limitation as to time of removal, does not rest upon the notion of a *license* from the grantee, but as being connected with the *exception* as an incident to its enjoyment. and is an *interest* in the *land itself* to that extent; and if the deed is duly recorded, subsequent purchasers of the land take the title with full notice of such right, it appearing in the deeds forming their chain of title, and are entitled to no protection as innocent purchasers.

3. A married woman conveyed a parcel of land, the timber upon which had been excepted in the deed to her, and it passed into the hands of third parties, who removed some of the timber, which was replevied by her grantor under the exception in his deed to her. On the trial of the replevin suit her husband, from whom she had been separated for several years, and who had no interest in the land or timber, and no privity or connection whatever with the title or covenants of her deed of the land, was allowed to testify to an alleged settlement made by him with the plaintiff by which plaintiff released all claim to the timber. There was no proof tending to show any right on his part to act for his wife or any other person in the matter, or that his action was ratified by her; and whatever was done was long after she had parted with all claim to the land.

*Held,* that the court erred in receiving the testimony and in submitting it to the jury, the action of the husband being that of a stranger and volunteer.

Error to Tuscola. (Wixson, J.) Argued February 18, 1886. Decided April 15, 1886.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion and head notes.

*Black & Corcoran,* for appellant:

The owner of timber, even upon condition of removal within a limited time, is entitled to notice to remove before forfeiture : *Wood v. Elliott,* 51 Mich. 320.

Under an absolute sale of standing timber, to be removed in a stated time, the timber becomes the absolute property of the purchaser, though not removed within the specified time; and if the vendor appropriates it, he is liable in trover for its value. His remedy is upon the breach of the covenant for removal : *Green v. Bennett,* 23 Mich. 464.

The exception of the timber in plaintiff's deed to Mrs.

Rumble was absolute, and the reservation of a right controls and establishes it as certainly as a conveyance of such right: Id.; *Bean v. French*, 140 Mass. 229.

*H. P. Atwood* and *T. W. Atwood*, for defendants:

The words in the deed, "excepting timber therein," do not make a valid exception: 3 Wash. R. P. 431. Apt words should be used in the conveyance to make a valid exception: 2 Hilliard on R. P. 372; and such an exception is taken most favorable to the grantee, etc.: *Jackson v. Hudson*, 3 Johns. 374.

If plaintiff, by the exception, remained the owner of the timber, he was bound to remove it within a reasonable time: *Hoit v. Stratton Mills*, 54 N. H. 109; *Heflin v. Bingham*, 56 Ala. 566–76; and on this record, this is a question for the court: *Druse v. Wheeler*, 26 Mich. 189.

Trover or trespass should have been brought instead of replevin: *Wetherbee v. Green*, 22 Mich. 311.

CHAMPLIN, J. The plaintiff, on the thirteenth of March, 1883, brought replevin to recover possession of 1,276 felled cedar trees, 30 pieces of cedar, and 6 pine logs, cut from the N. ½ of the N. W. ¼ of section 36, in township 12 N., range 10 E., Michigan.

He introduced in evidence on the trial a deed bearing date " the second day of July, in the year of our Lord," but not naming any year; the evidence, however, tended to show that it was delivered in the year 1870. This deed conveyed the land above described to Loretta M. Rumble, and immediately after the word " Michigan " contained the following words: " excepting timber therein." The evidence shows that there was at that time standing and growing on the land conveyed, timber of the following varieties : Pine, cedar, hemlock, black ash, and chestnut. Some four or five years after the date of the conveyance plaintiff sold all the pine timber on the land to Stevens, Fowler & Holland, who cut and removed the most thereof.

The defendant Baldwin acquired title to the land above described by a warranty deed from Mrs. Rumble to Mr. and Mrs. Poole, executed in May, 1871, and a warranty deed from them to him before he cut the timber in question

There was testimony introduced upon the trial having a tendency to prove that the plaintiff, after the execution of the deed to Mrs. Rumble, who had then sold the land by warranty deed, in an interview with Mr. Rumble, who made the bargain for the purchase on behalf of his wife, agreed that he was to have five years in which to take the timber off; and that afterwards, some dispute having arisen with reference to plaintiff's right to the timber, there was an agreement made by which plaintiff's claim to the timber was fully settled and ended. Both of these transactions, if they occurred at all, transpired between Mr. Rumble and the plaintiff long after Mrs. Rumble had sold to the Pooles, and also several years after Rumble had separated from his wife, and they were living apart. Rumble had no interest whatever in the land or the timber, and no privity or connection whatever with the title or covenants of the deed to the Pooles. He was not authorized by his wife or any other person to make any arrangements with plaintiff with reference to the timber, or to settle his claim against the timber. What he did, by his own testimony, was as a mere stranger and volunteer, and his acts have never been ratified or sanctioned by Mrs. Rumble or any other person interested in such action.

His testimony concerning these transactions was admitted against the objection of plaintiff's counsel, and was submitted by the court to the jury, with instructions that from it they could find an agreement by which the plaintiff agreed that the timber should be removed in five years; and also that they could find that Mr. Rumble, for Mrs. Rumble, had a final settlement with plaintiff of his claim to the timber.

I think the court erred in receiving the testimony of Mr. Rumble upon these two points, and in submitting it to the jury. There was no agency proved, or attempted to be proved. There was no privity of contract established between Mrs. Rumble and plaintiff, and he was not bound by any such agreement or settlement as Rumble asserted was made, and which plaintiff denies was made.

This is not a case of a sale of land, excepting therefrom

60 MICH.—40

the timber, which is to be removed within a certain specified time, or of the sale of timber to be removed within a fixed period; in which cases it has been held that the limitation of time enters into the contract of sale, and the reservation or sale applies to such timber only as is removed within the time limited; and that no title is retained in the one case, or passes in the other, to any timber which remains upon the land after the time agreed upon for its removal has expired.

Here, in the deed granting the land, the timber thereon is excepted from the grant. The title to the timber remains in the plaintiff, who, by the transaction, has an implied power to enter, fell, and take away the timber: *Boults v. Mitchell*, 15 Penn. St. 371, 379; *Wood v. Leadbitter*, 13 Mees. & W. 844; *Thomas v. Sorrel*, Vaughn, 330, 351; *Hewitt v. Isham*, 7 Exch. 75; *Pierrepont v. Barnard*, 6 N. Y. 279.

Plaintiff's title to the timber arising from the exception in the deed is of the same binding force and effect as if the whole estate had been granted by the deed, and then Mrs. Rumble had executed a deed to plaintiff of all the timber upon the land; in which case the plaintiff's right to enter upon the land, and cut and remove the timber at pleasure, would have passed as an incident of the grant, and could not have been revoked by Mrs. Rumble so as to defeat her grant, to which the right was incident. It is essential to the enjoyment of the property, and as such enters into the property rights of the plaintiff in the timber by the assent of both parties. Such a right, where there are no words in the contract showing a limitation of the time of enjoyment, or within which it shall be exercised, is not revocable, nor can it be terminated at the will of the owner or grantee of the land, nor by notice to remove the timber in a reasonable time. The right to enter and remove the timber under the exception contained in this deed does not rest upon the notion of a license from the grantee, but as being connected with the exception as an incident to its enjoyment, and is an interest in the land itself to that extent.

This being so, the subsequent purchasers from Mrs. Rumble took the title with full notice of what appeared in the

deeds forming the chain of title through which they claim, and are entitled to no protection as innocent purchasers. Plaintiff owned the timber, and could maintain replevin for the trees when severed from the land without his permission or authority. No doubt the plaintiff could give a license by parol to defendants to sever the trees, and if he did so, and it was executed before it was revoked, it would be binding upon him: *Pierrepont v. Barnard,* 6 N. Y. 279. But the case was not defended or submitted to the jury upon this theory.

The judgment must be reversed, and a new trial granted.

MORSE, J. concurred. CAMPBELL, C. J. and SHERWOOD, J. concurred in the result.