CHARLES B. FIELD v. JAMES M. ASHLEY, JR.

*Vendor and vendee—Retention of title as security—Equity practice—Parties—Demurrer.*

1. A defendant who has wrongfully sold personal property, the title to which was retained by his vendor until the purchase price was paid, cannot insist that *his* vendees should be made co-de-

fendants in a bill filed by the original vendor for an account-
ing, and in which a receiver and an injunction are prayed
for.

2. A bill filed by the vendor of a logging railroad property, includ-
ing right of way, who retained the title to the property as
security for the payment of the purchase price, which prays for
an accounting, and a decree for the payment of the balance
due, etc., is in the nature of a foreclosure bill, and the remedies
at law and in equity are concurrent.

3. A bill filed by the vendor of personal property, who retained
the title as security for the payment of the purchase price,
which property the defendant is disposing of,—he being pecu-
niarily irresponsible,—gives the court jurisdiction to compel an
accounting, and to decree payment of the balance due com-
plainant, and to enjoin further sales, and appoint a receiver.

Appeal from Shiawassee.    (Newton, J.)    Argued Jan-
uary 10, 1890.    Decided January 17, 1890.

Bill for an accounting, etc.    Defendant appeals.    Order
overruling demurrer affirmed, and record remanded, with
leave to answer.    The facts are stated in the opinion.

*Uhl & Crane,* for complainant, contended:

1. How. Stat. § 6737, does not allow an appeal from an order
overruling a special demurrer, and hence this appeal must be
dismissed; citing *Babcock v. McJury,* 76 Mich. 316.

2. If the Court should consider that the following cause of demurrer,
namely, "that the said complainant hath not in and by said
bill made or stated such a cause as doth or ought to entitle
him to any such relief as is hereby sought and prayed for from
and against this defendant," was, in effect, a general demurrer,
the result is the same, as the demurrer would then be general
as well as special; citing *Turck v. Soule,* 55 Mich. 128; but this
cause of demurrer is not in *effect* a general demurrer, the
usual form of which is, " and for causes of demurrer say that
the complainant's said bill of complaint, in case the same were
true, which these defendants in no wise admit, contains not
any matter of equity whereon this court can found any decree,
or give the complainant any relief or assistance as against these
defendants;" citing Story, Eq. Pl. § 455, and note; while this
cause of demurrer is that the complainant hath not made such
a cause " as doth or ought to entitle him to any *such* relief as

is hereby sought." This, therefore, is not a demurrer for want of equity, and does not constitute a general demurrer.

3. The jurisdiction of the equity court to entertain a bill by a vendor against the vendee, to obtain payment of the purchase money due upon the contract, and in default of payment to sell the property, is well settled; citing *Fitzhugh v. Maxwell,* 34 Mich. 138; *Day v. Cole,* 56 Id. 294.

4. The bill shows upon its face that the parties mentioned in the demurrer are out of the jurisdiction of the court below, and therefore it was not necessary to join them; citing *Erickson v. Nesmith,* 46 N. H. 331; Story, Eq. Pl. § 78; and the general rule in regard to parties is always more or less discretionary; citing *Wendell v. Van Rensselaer,* 1 Johns. Ch. 344; and the general rule is that the vendor and vendee are the only indispensible parties.

*Fletcher & Wanty,* for defendant, contended:

1. There are not the necessary parties to this bill for a court to make a decree which would settle the controversy. Defendant's vendees (named in the demurrer) could not be affected by the decree, and the property they hold could not be disturbed.

2. The complainant's remedy is at law. He could sue and get judgment if his claim is that set forth in the bill. There are no complications in the account. If he desires to rely on his title to the property he can bring replevin.

3. It is admitted that if the demurrer is general an appeal lies. The demurrer is almost a copy of the one in *Shaw v. Chase,* 77 Mich. 436, in which case, with nine causes of demurrer, the general demurrer shows "that the said complainant hath not in and by his said bill made or stated such a cause as doth or ought to entitle him to any such discovery or relief as is thereby sought and prayed for from or against these defendants." And in this case, with three causes of demurrer, the general demurrer says that "the said complainant hath not, in and by said bill, made or stated such a cause as doth or ought to entitle him to any such relief as is hereby sought and prayed for from or against this defendant.

4. The only remaining question, if this demurrer is both general and special, is, did the court overrule the general demurrer? He states that he has considered it, in his opinion coupled to the order, which is simply, "The demurrer will be and is overruled, with costs." If the court considered the general demurrer, and overruled it, the order is appealable.

GRANT, J. The bill alleges that the Roscommon Lumber

Company on August 3, 1887, sold to the defendant its logging railroad property, consisting of locomotives, and other personal property, for $30,000, the last payment to become due October 15, 1887. Upon payment the company agreed to deed to defendant its right of way. Until paid for, the title to all the personal property was to be and remain absolutely in said company. Said contract was duly assigned by said company to complainant. Defendant went into possession of the property. There is due and unpaid the sum of $6,949.63. Defendant, without the knowledge or consent of complainant, has sold a large part of said personal property. Defendant is pecuniarily irresponsible. Complainant has deeds of the right of way ready to be delivered as soon as defendant pays the amount due.

The prayer is for an accounting, for decree to pay the amount due, that in default thereof the property be sold under the direction of the court, for the appointment of a receiver, and an injunction to restrain the defendant from disposing of the property.

The defendant demurred, both specially and generally. The demurrer was overruled, and defendant appeals.

The first ground of demurrer is that the persons to whom defendant sold certain of the personal property, without plaintiff's knowledge or consent, are not made parties defendant. The only reason for making them parties would be that complainant wished to restrain them from paying defendant for the goods if they had not already done so. If they had paid him for them, they would not have been proper parties defendant, for, as against them, the complainant's remedy at law would have been complete and ample. If they had not paid him, still they are not necessary parties. Complainant has a perfect right to pursue his remedy against defendant alone, and the property still left in his possession.

It is certainly equitable treatment on the part of complainant to exhaust his remedy against defendant before proceeding against those who may have purchased in good faith. It does not lie with the defendant to insist that his vendees, to whom he has wrongfully sold property, must be made co-defendants with him, who is primarily liable to complainant.

The second ground of demurrer is that complainant's remedy is at law, and not in equity. In this case the remedies at law and in equity are concurrent. It is established beyond controversy that courts of chancery in this State have jurisdiction in cases of this character. Such bills are analogous to foreclosure bills, and do not seek to enforce a forfeiture. *Fitzhugh v. Maxwell,* 34 Mich. 138; *Day v. Cole,* 56 Id. 294. But defendant was disposing of property to which he had not the legal title, that title being in complainant. He had only the right of possession. Complainant retained the title for the purpose of securing payment of the purchase price. The defendant was pecuniarily irresponsible. The bill gave the court jurisdiction on all the grounds for which relief is prayed.

The order overruling the demurrer is affirmed, and the record remanded, with leave to answer under the rules.

The other Justices concurred.