HODGES *v.* BUELL.

1. DEEDS—RESERVATION—STANDING TIMBER—REMOVAL—TITLE.

Where a person conveyed land by a deed dated October 11, 1899, and delivered November 11, 1901, reserving "all saw timber on said land, with the right to enter upon and remove same within two years, also right to build roads across and cross said land within two years from date," all timber standing November 11, 1901, belonged to the purchaser, and all timber cut or severed from the realty prior to October 11, 1901, to the vendor.

2. SAME—EQUITY—FORFEITURE.

As equity will not render aid to enforce forfeitures, but will interpose to relieve from them, an injunction will not be granted to restrain a vendor of land from cutting standing timber, which he reserved, after the time limited in the reservation for its removal.

Appeal from Cheboygan; Shepherd, J. Submitted February 18, 1903. (Docket No. 155.) Decided July 14, 1903.

Bill by James L. Hodges against Frank Buell and Henry Fler to restrain the removal of certain timber. From a decree for complainant, defendants appeal. Reversed.

*Frost & Sprague*, for complainant.

*W. L. Townsend*, for defendants.

HOOKER, C. J. This is an injunction bill filed to restrain the defendants from removing certain timber, cut and uncut, from a parcel of land which they had sold and deeded to the complainant. The complainant's deed was dated October 11, 1899, and was delivered November 11, 1901. It contained a reservation as follows:

"First party reserves all saw timber on said land, with

right to enter upon and remove same within two years, also right to build roads across and cross said land within two years from date."

On or after November 12, 1901, the defendants cut and manufactured sawlogs from standing and down timber, some of the latter being windfalls, and some being timber previously felled and stripped of its bark by them. Complainant notified defendants' foreman to desist on November 15th, and filed this bill on November 27th, when further cutting and removal was stopped by a preliminary injunction.

Upon the hearing, the circuit judge determined that all of the rights of the defendants in the timber then being a part of the realty ceased on October 11, 1901, but that 68 hemlock logs, which had been manufactured by the defendants previous to said 11th day of October, 1901, had become their personal property, which they had a right to remove, and that the remainder of the timber, down as well as uncut, belonged to the complainant; and, as defendants had been permitted to remove and dispose of such of said timber as was down, upon giving a bond to pay for the same should it be adjudged to belong to the complainant, the decree determined the quantities as follows: Hemlock, 29,800 feet; maple, 3,000 feet; beech, 700 feet,—all merchantable; and the prices were to be fixed by a circuit court commissioner, as provided in the interlocutory order under which defendants received the same. Defendants were allowed $5 for extra expense caused by delay in removing the timber to which they were adjudged entitled, and the preliminary injunction was made perpetual, except as to the 68 hemlock logs. Complainant was given costs provided by rule. The defendants have appealed.

Similar contracts to this have been before this court several times.

The case of *Green* v. *Bennett*, 23 Mich. 468, arose upon a written contract whereby the owner of the fee of a parcel of land, for a consideration of $600, bargained, sold,

granted, and conveyed to one, his administrators, etc., "all the wood and timber," etc.; "eight acres of said wood and timber to be taken off by May 1st next," "ten more by September 1st next," the remainder "within one year from September 1st next;" and the grantee was to pile the brush in good order. Both parties signed this contract. The timber was not taken off within the time provided, but was afterwards removed by the grantor. The purchaser sued the grantor in trover for the timber so taken. Mr. Justice CHRISTIANCY delivered the opinion of the court, and it seems to have been thought that this contract was open to two constructions: (1) That it was an absolute sale of an interest in land, with a covenant to remove within a fixed time, in which case there was a wrongful conversion by the defendant, because the property belonged to the purchaser, though he might be liable for the breach of his covenant. (2) That the sale was one upon condition, and that in such case the vendee would lose all timber not removed within the period fixed. The court did not determine the question, because it was able to find that, upon the latter theory, there had been a waiver of the condition, and therefore plaintiff rightly recovered, whatever the construction. Here was an apparent recognition of the rule that, unless the sale was conditional, the title was not devested by reason of the expiration or revocation of the license.

The next case was *Monroe* v. *Bowen*, 26 Mich. 524, and this was clearly a reservation *upon condition*. It read as follows:

"And the saw timber on said land is to be the property of the party of the first part [the plaintiff], if he shall remove the same on or before the first day of April, in the year eighteen hundred and seventy."

"This is the only allusion to the timber to be found in the deed, which is in the ordinary form of a full covenant warranty deed." Manifestly it throws no light upon the construction to be given to a writing where a condition can rest merely upon inference, as it was plainly made

conditional, as shown by the use of the word "if," upon which the right to remove timber depended.

*Richards* v. *Tozer*, 27 Mich. 451: From the opinion in this case, it is uncertain what the words of reservation were. The court said:

"His right to recover at all, or, which is the same thing, his right to the logs, was rested by him on the passage in the quitclaim deed; and it is very clear that, under and by force of that, he was only entitled to take logs from the land before the year 1868, and by virtue of it could invest himself with no right to any by taking later."

The original bill of exceptions states the reservation in the following language, viz., "Reserving to Richards one undivided half of the pine timber, with the right to enter upon, cut, and take away the same at any time before the year 1868, for the consideration of fifty dollars." It was held that he could not maintain trover without proof that the logs were taken away by him before the time limited. The logs were cut and taken by defendant after the expiration of the time limited. We see no way of distinguishing the reservation in the present case from the foregoing.

In *Johnson* v. *Moore*, 28 Mich. 3, a reservation providing that "all the sawing pine and whitewood timber that is now upon the above-described tracts of land belongs to" the grantor named in such deed, "who is sole owner thereof," and that he "has, by agreement, thirty months from this date to remove the same," was under discussion. It was claimed to be a bare license, revocable at pleasure. The court refused to place such a construction upon it, and held that, whatever it might be called, it conveyed the right to take the timber within 30 months. It is obvious that this case does not imply that such right terminated on the expiration of 30 months, as that question was not considered, nor was it in any way involved.

*Haskell* v. *Ayres*, 32 Mich. 93, follows *Richards* v. *Tozer* and *Johnson* v. *Moore*. The contract was as follows:

"They [plaintiffs] shall have peaceable possession of the aforesaid premises for three years from this date, for all the purposes of removing the aforesaid pine from the aforesaid land. Said Ayres, Larned, and Wiswall, for and in consideration of the agreement aforesaid, agree * * * that they will remove the aforesaid timber within the next three years."

Whether this was a conveyance upon condition or not, there was a clear covenant, and it was so urged by counsel; citing *Clemens* v. *Conrad*, 19 Mich. 170, where it was held that a failure to remove stone from a quarry, reserved, but to be taken within three months, did not operate as a forfeiture of the stone reserved. The case is not discussed. It is based on the two cases cited, and really rests on the *Tozer Case*, as the other is plainly distinguishable, and it is perhaps true that the *Tozer Case* is also.

In *Utley* v. *Lumber Co.*, 59 Mich. 263 (26 N. W. 488), the court said:

"Utley agreed to cut and put in all the logs upon the land, of 12 inches in diameter and upwards, in time for the drive of 1879, and Wilcox is to retain, out of the purchase price of the logs sold to Torrent & Ducey, 'fifteen hundred dollars, in full payment for all such pine sawlogs as he may cut and remove from said land within one year from this date,' *i. e.*, from November 14, 1878. From all the contracts and acts of the parties in connection therewith, the intention clearly appears to limit the time in which the timber on the sections named should be cut and removed, and that the sale was confined to such timber as should be cut and removed within the specified time."

This contract is clearly and expressly limited to logs which should be seasonably cut and removed.

In the case of *Wait* v. *Baldwin*, 60 Mich. 626 (27 N. W. 697, 1 Am. St. Rep. 551), no period was fixed for the removal of the timber reserved, and the grantor's title was sustained. The case contains a *dictum* that, in cases where the timber sold is to be removed within a fixed time, "the limitation of time enters into the contract of sale, and the reservation or sale applies to such timber only as

is removed within the time limited, and that no title is retained in the one case, or passes in the other, to any timber which remains upon the land after the time agreed upon for its removal has expired." MORSE, J., concurred with CHAMPLIN, J., while CAMPBELL and SHERWOOD, JJ., concurred in the result.

The case of *Williams* v. *Flood*, 63 Mich. 487 (30 N. W. 93), arose over a sealed writing, selling "all the standing timber from and over the size of nine inches in diameter on the stump, situated, standing, or being" upon the land in question, and "giving and granting the said Henry W. Williams the undisputed right, for two years from this date, to enter upon the said premises and remove the said timber, the same as if he, the said Henry W. Williams, was the owner in fee of said lands." Before the two years expired, a verbal extension of the time was made, and others followed. A purchaser with notice forbade further cutting, and the plaintiff desisted, and brought trover to recover the value of the timber, both standing and severed, left on the land. A verdict was directed for the plaintiff. CHAMPLIN, J., in discussing this subject, said :

"One of the principal questions presented for consideration is whether the limitation of time for the removal of the timber from the land is a covenant that the purchaser will remove the timber in two years, or a condition subsequent of the contract of sale, which, upon default, would terminate the right of removal, and revest the title to such timber as remained upon the land in the vendor. The question was raised, but not decided, in *Green* v. *Bennett*, 23 Mich. 464."

In his opinion, the terms of the writing expressed—

"The intention to sell and convey the standing timber as timber attached to and a part of the freehold, by which a present title was to pass, and cannot be construed into an executory agreement to sell and convey the timber when it should be thereafter severed. The agreement conveyed an interest in the land, and was such as the statute of frauds required to be in writing to be valid [citing cases]. When conveyed, it was an interest in lands, and did not cease to be such thereafter until sever-

ance. If the limitation as to time of removal should be construed as a covenant on the part of the purchaser that he would remove the timber in the time specified, the title to the timber would remain in the purchaser after the time limited had expired, and he could still enter upon the premises and remove the same at his pleasure, being liable to the vendor for such damages as he should cause in so doing. The vendor would also have a right of action against his vendee for a breach of the covenant in not performing the covenant as agreed."

He was unable to find an express or implied covenant in the language used, and indicated the following as his view of the rule:

" It appears to me that the parties intended, the one to sell, and the other to purchase, the standing timber, upon condition that it should be removed from the land within the time specified, and that the title to such as should remain upon the land at the expiration of the time should revest in the vendor; the effect of the whole transaction being a sale of so much of the timber as the vendee should remove from the land within the time limited in the agreement for its removal. That this was the intention of the parties as expressed by the contract is borne out by the conduct of the parties, who appear to have placed this construction upon it. The vendee asked for and obtained a verbal extension of the time upon two different occasions, and it is upon this extension of the time that the rights of the parties depend in this controversy. The breach of the condition worked a forfeiture of the plaintiff's right and title to the remaining timber."

It is noticeable that no authorities are cited in support of the conclusion that the parties intended a sale upon condition subsequent, and that the title should revest. In this case, as in *Wait* v. *Baldwin, supra*, Morse, J., concurred with Champlin, while two judges did not concur, although they reached the same result. It is to be noted, however, that all appear to have considered the deprivation of a right to take the timber, by reason of lapse of time, as a forfeiture.

The case of *Gamble* v. *Gates*, 92 Mich. 510 (52 N. W. 941), involved a contract wherein it was expressly stipulated that whatever timber remained upon the land after the

expiration of five years should revert and become the property of the vendor. It was held that title was in the vendor. The action was replevin.

The next case reported is *Macomber* v. *Railroad Co.*, 108 Mich. 491 (66 N. W. 376, 32 L. R. A. 102, 62 Am. St. Rep. 713). There a writing "sold * * * all of the timber * * *, the purchaser to remove the same in two years from date," and, if the land should be sold at any time, then the timber was to be removed at once, on the purchaser's being notified of the sale. A sale was made, but no notice given. All of the pine was cut into logs within two years, but was not removed within that time. The grantee of the land removed the timber, and replevin was brought by the assignee of the purchaser. It was held that the severance of the timber and its manufacture into logs was a "removal," within the terms of the provision (of the contract) "for forfeiture." Mr. Justice MONTGOMERY, in discussing the case, said:

"Contracts containing similar provisions have been construed in the courts in a number of the States, and the weight of authority supports the defendant's contention that, as to timber remaining uncut at the expiration of the time limited under a contract such as this, the title reverts to the owner of the realty."

Taking this as a correct statement of the law, it would seem to be finally settled in this State that, where one acquires title to standing timber, the same to be removed within a time stated, he cannot be devested of his title to such as he severs from the soil during the period, whether he takes it away from the premises within such period or not (except where, as in *Gamble* v. *Gates, supra,* it is expressly provided that such timber should revert); but that he is devested, by lapse of time, of the title to such as was not severed. It goes without saying that this must have been based upon the meaning given to the word "removed," for, had the language been "cut," or "severed," and "removed" from the land, it would have been difficult to give that language such a construction as to the timber severed, and not as to standing timber.

The word "removed," in the contract in this case, is susceptible of the same construction, and, under the rule as above stated, we must hold, as an abstract proposition, that the title to the timber standing was in the complainant after the expiration of the period fixed by the contract, which, in our opinion, should be held to be two years from the date of the deed, viz., October 11, 1901. It is equally clear that all of the timber severed from the soil by the defendants was *removed*, though still upon the premises, and belonged to them, for we think no distinction should be drawn as to such timber before and after it was cut up into sawlogs. It was enough if the defendants severed standing timber from the soil, or put work upon down timber, thereby taking it into their possession. Indeed, we see no reason for saying that they were not entitled to treat all down timber severed from the soil as removed, whether they had put work upon it or not.

It follows from the foregoing that the defendants have title to all but the timber standing at the expiration of the time fixed, and that the complainant cannot expect a court of equity to aid him in withholding it. On the other hand, these cases show that the defendants have no further right or title in the standing timber, or such as they cut after the expiration of such period, if complainant insists on a forfeiture, and they should be restrained from removing such timber, unless heed should be given to defendants' contention that equitable interposition cannot be invoked to enforce a forfeiture. That this is a forfeiture seems to be indicated by all of the cases cited in which the subject has been alluded to,—all of which, by the way, are actions at law. It is no less a forfeiture than is a provision of a land contract giving a right to terminate the contract for nonpayment of the purchase price. Indeed, in such case a legal title has not vested, but merely an equity, while here the legal title has vested, and is devested by breach of condition, although the timber has been fully paid for. We have repeatedly held that equity will not render aid in enforcing forfeitures, but will interpose to

relieve from them. See *Crane* v. *Dwyer*, 9. Mich. 350 (80 Am. Dec. 87); *White* v. *Railway Co.*, 13 Mich. 356; *Sandford* v. *Flint*, 24 Mich. 26; *Fitzhugh* v. *Maxwell*, 34 Mich. 138; *Miller* v. *Havens*, 51 Mich. 485 (16 N. W. 865); *Lyon* v. *Insurance Co.*, 55 Mich. 146 (20 N. W. 829, 54 Am. Rep. 354); *Watrous* v. *Allen*, 57 Mich. 367 (24 N. W. 104, 58 Am. Rep. 363); *Field* v. *Ashley*, 79 Mich. 235 (44 N. W. 602).

" Courts of equity will never aid in the devesting of an estate for a breach of a covenant on a condition subsequent, although they will often interfere to prevent the devesting of an estate for a breach of a covenant or condition." 2 Story, Eq. Jur. § 1319.

We are of the opinion that the bill should be dismissed, with costs of both courts.

The other Justices concurred.