JOHN *v.* McNEAL.

1. EQUITY — LAND CONTRACTS — FORFEITURE — VENDOR AND PURCHASER.

It is within the province of the court of equity to relieve the purchaser of land under a land contract providing for monthly installments from the effect of a forfeiture of his contract rights after the entry of the vendor upon the premises on default in the payments.

2. VENDOR AND PURCHASER — FORFEITURE — LAND CONTRACTS — NOTICE OF FORFEITURE.

Within the terms of a land contract containing provisions for forfeiture of the payments as stipulated damages if the contract should be forfeited for the vendee's default, or for declaring the entire contract price due at the option of the ven-

dor, and stipulating that in the event of such default the vendee should forfeit his rights and be subject to removal in the same manner as a tenant holding over contrary to the terms of the lease, but not providing for re-entry without notice of forfeiture, the purchaser is entitled to possession of the premises after default and until he is notified of the election of the vendor to declare the forfeiture.

3. SAME—RE-ENTRY AS NOTICE.
   Such notice is not given by the vendor's taking possession of the premises without election to rely on the forfeiture or notice thereof to the purchaser.

4. SAME.
   By dealing with the vendee as if the contract relations continued the vendor recognized the existence of the rights of the vendee thereunder.

5. SAME.
   In order that a contract may create a forfeiture the provisions therefor must be clear and unequivocal.

Appeal from Ingham; Collingwood, J. Submitted June 15, 1911. (Docket No. 58.) Decided October 2, 1911.

Bill by Mosey John against Andrew J. McNeal and others for the specific performance of a land contract and an accounting. From a decree dismissing the bill, complainant appeals. Reversed.

*C. P. Black*, for appellant.

*Walter S. Foster*, for appellees.

BLAIR, J. This is a suit in equity brought by Mosey John, of Bay City, Mich., a Syrian, as complainant, against Andrew J. McNeal and Emily B. McNeal, of Lansing, Mich., who are impleaded with Joseph Moore, Elenora Moore, Frank Libby, and Harriet Libby, as defendants. The defendants McNeal appeared and answered complainant's bill, and the rest of the defend-

ants appeared, but were defaulted for failing to plead, answer, or demur.

The object of the bill is to obtain relief from a forfeiture by defendant McNeal of complainant's rights under a land contract, whereby the complainant purchased, on November 7, A. D. 1908, by a written contract from the defendants McNeal, certain real estate in the city of Lansing, for which he agreed to pay to them $2,400, $500 of which purchase price was paid upon execution of the contract, and the balance was to be paid in installments of $15 per month, with interest at 6 per cent. per annum, payable monthly.

The contract contained, among other provisions, the following:

"All buildings and improvements now on, or that shall be placed or made on said premises, shall remain thereon as security for the performance by second party of this contract, and should default be made (and said contract be forfeited), said buildings and improvements and all payments made on said contract shall be forfeited to first party as stipulated damages for nonperformance of this contract, or first party may at his option declare all sums unpaid immediately due and payable and enforce the collection thereof at law and make conveyance as aforesaid. * * * It is further mutually agreed that second party may take possession of said premises at once and remain thereon as long as he shall perform all the covenants and agreements herein mentioned on his part to be performed, and no longer; and that if he shall at any time hereafter, violate or neglect to fulfill any of said covenants or agreements he shall forfeit all right or claim under this contract, and be liable to be removed from said premises in the same manner as is provided by law for the removal of a tenant that holds over premises contrary to the terms of his lease, and it shall be lawful for first party at any time after such default to sell and convey said premises, or any part thereof to any other person without becoming liable to refund any part of the money received on this contract, or for any damages on account of such sale. And it is hereby expressly understood and agreed that time shall be deemed as of the very essence of this contract," etc.

Complainant being behind in his payments, defendant McNeal, on March 4, 1909, served notice on him to pay up or quit. Some payments were made after this, and there was considerable correspondence and conversation about the complainant getting a horse for McNeal, the value of which was to be applied on the contract. On May 22, 1909, McNeal wrote to complainant with reference to the horse, to which complainant replied on June 4th. Complainant did not bring the horse, and on June 15th McNeal took possession and contracted to sell the lands to the defendants Moore.

The fourth paragraph of the bill of complaint, which was admitted by the answer, is as follows:

"Your orator further represents that he is ready and willing to comply with the terms of his agreement contained in said written contract; that on the 23d day of October, A. D. 1909, he, through his agent and attorney, C. P. Black, who was duly authorized by your orator, offered to pay to said defendants Andrew J. McNeal and Emily B. McNeal all sums that were due and might be due upon said contract up to the 1st day of November following, and otherwise perform each and every condition of said contract enjoined upon your orator, which offer so made by your orator's agent was then and there refused by defendants Andrew J. McNeal and Emily B. McNeal, who then stated that there was no use of your orator making any tender of any sums that might be due from him under said contract, as they had sold the premises in question, on the 15th day of June, A. D. 1909, to Joseph Moore and his wife, Elenora Moore, jointly, and upon no condition would they recognize any rights of your orator in said premises."

The court entered a decree dismissing the bill of complaint, and complainant appeals to this court.

The fact that complainant's rights under the contract were subject to forfeiture at law, and that defendant's entry was lawful, does not finally determine the rights of the parties. It is the province of a court of equity to grant relief in just such cases. As said in *Hodges* v. *Buell*, 134 Mich. 162 (95 N. W. 1078):

"We have repeatedly held that equity will not render aid in enforcing forfeitures, but will interpose to relieve from them."

We are satisfied from this record that it would be oppressive and unjust to forfeit complainant's rights under the contract; his default, in our opinion, being due to ignorance and the unreliability of his agent, Corey, rather than to dishonest purpose. We are therefore of the opinion that his offer, working no injustice to defendant, should have been accepted. *Stickney* v. *Parmenter*, 35 Mich. 237.

The decree is reversed, and the record remanded for an accounting to determine the amount which complainant should pay to defendant McNeal, within such period as the court may decree.

OSTRANDER, C. J. I agree with Mr. Justice BLAIR that the testimony supports the conclusion that equity ought to relieve from the forfeiture of complainant's contract rights, if they were forfeited. But I am of opinion that complainant's rights were not forfeited. It is difficult—impossible—to harmonize the various provisions of the contract with respect to the results of a default on the part of the vendee, if all language employed therein is given a literal interpretation. It is provided that—

"Should default be made (and said contract be forfeited), said buildings and improvements and all payments made on said contract shall be forfeited to first party as stipulated damages for nonperformance of this contract, or first party may at his option declare all sums unpaid immediately due and payable and enforce the collection thereof at law and make conveyance as aforesaid."

This provision is inconsistent with the idea that a mere default in making payments forfeited the contract and all rights thereunder. It is only consistent with the idea that something besides a default of the vendee was necessary to determine the contract relations of the parties. It is further provided that—

"If he [the vendee] shall at any time hereafter violate or neglect to fulfill any of said covenants or agreements he shall forfeit all right or claim under this contract, and be liable to be removed from said premises in the same manner as is provided by law for the removal of a tenant that holds over premises contrary to the terms of his lease," etc.

This clause must be read with the one before referred to, and, so read, cannot be held to mean that a mere default in making payments determined all rights under the contract. Forfeitures are not favored in the law, and, while they may be contracted for, the provisions of contracts relied upon to establish them must be clear and unequivocal. In the case at bar, various and repeated defaults of the vendee (complainant) occurred. The vendor did not assume that the contract relations were thereby determined. On the contrary, he sought payment of his past-due demands and notified the vendee, not that the contract was forfeited, but that he must quit or pay what was due. Thereafter he dealt with the vendee as though the contract relations still existed. We must therefore proceed upon the theory that to the time when the vendor claims to have made a peaceable re-entry the contract relations of the parties continued.

The contract contains no provision for re-entry of the vendor upon default of the vendee. It does provide, as has been pointed out, that the vendee, upon default, shall forfeit all right or claim under the contract, and shall be liable to be removed in the same manner as is provided by law for the removal of a tenant holding over contrary to the terms of his lease. I think the plain meaning of the forfeiture clause of the contract, all of its provisions considered, is that the vendor must, by election and notice to the vendee, determine the contract, declare it forfeited, and thereafter proceed to reclaim by entry, or otherwise, the possession and control of the premises. Until such election and declaration, the possession of the vendee is lawful. Holding these views, I find that the contract

was not forfeited, and that, under the circumstances disclosed, complainant is entitled to possession of the premises in question. I agree to the disposition of the case indicated in the opinion of Justice BLAIR.

BIRD, BROOKE, and STONE, JJ., concurred with OSTRANDER, C. J. BLAIR, J., concurred in the result.