## CORNELL v. NORTON.

1. VENDOR AND PURCHASER—TAXATION—STATE TAX DEED.
   The vendee in a land contract was justified in paying the taxes which it was the duty of the vendor to pay, where the same appeared to be a lien upon the land, although the tax sale and deed issued to him thereunder were void.

2. SAME—FORFEITURE—REDEMPTION—EQUITY.
   Complainant purchased 160 acres on a land contract, agreeing to pay therefor $400 in annual instalments of $100 each, with interest. Defendant agreed to convey the land by warranty deed subject to all taxes assessed for and after 1895. The contract provided that on failure of the vendee to perform, the vendor might elect to be discharged from his covenants and forfeit the payments and all improvements made. Complainant made valuable improvements, but failed to pay any part of the purchase price. He acquired a tax deed from the State for the taxes of 1894, which it was defendant's duty to pay, and claimed to own the premises thereunder on advice of eminent counsel, although said deed is now admitted to be void. Defendant, after waiting for 11 years, declared the contract forfeited and brought ejectment, and complainant seeks to restrain the suit at law and to be allowed to redeem from the forfeiture. *Held*, that the decree of the court below allowing the complainant to redeem by paying the purchase price, with interest, together with the taxable costs of the ejectment suit and costs of this suit, less the amount of the taxes of 1894, with interest, should be modified to include an allowance of $50 beyond the taxable costs in the ejectment suit.

Appeal from Ontonagon; O'Brien, J., presiding. Submitted June 22, 1915. (Docket No. 109.) Decided September 28, 1915.

Bill by Albert S. Cornell against Denis J. Norton to redeem from the attempted forfeiture of a land contract and to enjoin the prosecution of an action of

ejectment. From a decree for complainant, defendant appeals. Modified and decree entered in this court.

*Walter G. Van Slyck* (*John A. Brooks,* of counsel), for complainant.

*John Jones,* for defendant.

STONE, J. The bill in this cause was filed to redeem from the attempted forfeiture of a land contract, and to enjoin the prosecution of an action of ejectment. On October 26, 1895, complainant and his son, Bernard H. Cornell, and the former's brother, Edwin E. Cornell, entered into a written contract with defendant, whereby the latter agreed to sell to them 160 acres of land in Ontonagon county for the sum of $400, payable in annual installments of $100 each, beginning June 1, 1897, with interest payable annually on all sums unpaid, upon the performance of which conditions defendant agreed to convey the land to them by warranty deed, subject to all taxes assessed for and after 1895. The contract further provided that:

"On the failure and neglect of said parties of the second part to do or perform anything herein specified to be done and performed on their part, the said party of the first part may elect to consider himself released and discharged of and from any and all liability in any of the covenants specified to be done and performed on his part, and all payments and improvements made by the said parties of the second part shall be deemed forfeited without further notice, as stipulated damages for nonperformance of contract."

On May 25, 1897, defendant, by writing indorsed on the contract, extended the time for the first payment until June 1, 1898. No part of the purchase price has ever been paid. Complainant went into possession under the contract, and has been in possession ever since. During this time he has cleared a part of the land, erected buildings thereon, and paid the taxes. The value of his improvements is variously estimated.

The circuit judge, who heard the testimony, found that they were worth $1,500. At the date of the contract the land was what is known as "stump land," and, while there is some conflict in the testimony, it appears that $400 was a fair value of the property at that time. It has increased in value since.

On September 24, 1903, Edwin E. Cornell quit-claimed his interest in the land to complainant, and on September 6, 1910, Bernard H. Cornell assigned to complainant all of his interest in the contract. On December 4, 1897, complainant and Edwin E. Cornell, having learned that the land in question had been sold to the State for the taxes of 1894 (taxes which it was the duty of defendant to pay, by the terms of the contract), purchased the rights of the State under such tax sale, and, the redemption having expired on November 2, 1898, they received from the auditor general the usual State tax land deed. The consideration for this purchase was the sum of $12.02. On April 25, 1898, complainant and Edwin E. Cornell caused to be served upon defendant, as the grantee in the last recorded deed to said premises, a notice of such purchase, and of defendant's right to redeem within six months, proof of which service was filed with the county clerk. Under the evidence this notice, the deed and the tax sale were void, but that was not known by the parties at the time, and the fact is not very material here. On April 30, 1898, complainant caused a letter to be written to defendant, stating that he had bought the State bid for the 1894 tax, and had caused the sheriff to serve notice of the fact, "as we are required to do by law, as we understand the law." The letter further stated:

"We bought the tax bid to protect ourselves, not with the expectation of getting the place on a tax title. Nor do we expect you to pay more than the original tax."

Within a few days after the expiration of the six months' notice defendant tendered to complainant an amount supposed to have been sufficient to redeem from the tax deed, which complainant refused to accept, claiming that it came too late, and that he was then the owner of the land. Complainant claims, however, that this tender was accompanied by a demand that he execute a quitclaim deed of the premises, but this is denied by the defendant. As above stated, the complainant has ever since remained in possession of the premises, cultivating and improving the same in the belief and under the claim, until about the time of the hearing, that he owned the same. During all of this time defendant resided in the immediate neighborhood, meeting complainant frequently, and the latter testified that defendant never made any demand upon him for the payment of the purchase price of the premises. Defendant denied this, and testified that he did demand payment, but fixed no time or place of such demand.

In the early part of 1899 complainant submitted the question of his rights under this contract and tax title to able counsel, and was advised in letters, which appear in the record, that as complainant was under no obligation under the Michigan decisions to pay the tax of 1894, there was nothing to preclude him from purchasing said tax title; that, if the tax title was valid and regular, he could hold the land; that any attack upon its validity would have to be made before complainant had been in possession for five years; and that, if it should eventually be held bad, complainant would still be entitled to pay up the amount due on his land contract, and obtain his deed. Matters ran along in this condition until on or about May 16, 1910, when defendant served on complainant a notice, of which the following is a copy:

"To ALBERT S. CORNELL and BERNARD H. CORNELL:

"Please to take notice that by reason of the failure on your part to perform the covenants and agreements by you to be performed under the provisions of a certain agreement in writing entered into the twenty-sixth day of October, A. D. 1895, by and between the undersigned, as party of the first part, and Albert S. Cornell, Edward E. Cornell, and Bernard H. Cornell, parties of the second part, wherein the undersigned did agree to convey to the above-mentioned Albert S. Cornell, Edward E. Cornell, and Bernard H. Cornell the following described real estate, viz., all that certain piece or parcel of land situate and being in the township of McMillan, in the county of Ontonagon, and State of Michigan, and described as the northwest quarter of section thirty-five (35), in township forty-eight (48) north, of range forty (40) west, in that you have utterly failed, neglected, and refused to pay to the undersigned any part of the purchase price of said described land as provided in said agreement, and have utterly failed, neglected, and refused to pay to the undersigned any of the interest upon said purchase price, the undersigned has elected to consider himself released and discharged of and from any and all liability on any of the covenants specified to be done and performed on his part, and the undersigned does hereby elect to consider himself so released and discharged, and the undersigned does hereby declare the said agreement and all of your rights thereunder forfeited by you for the reasons above set forth and for the reason that you have failed and refused to fulfill and perform the agreements which by the terms of said agreement were to be fulfilled and performed by you.

"And you will also please take notice that you are hereby required to quit, surrender, and deliver up possession to me of the premises hereinbefore described, which you now hold of me as my tenant, on or before the 20th day of August, A. D. 1910, for the reason that I intend to terminate your tenancy and repossess myself of such premises on the date above mentioned.

"Dated this 16th day of May, A. D. 1910.

"DENIS J. NORTON."

In September following defendant commenced an action of ejectment against complainant and Bernard

H. Cornell in the circuit court, whereupon this bill was filed to restrain the prosecution of such suit, setting up, in addition to the foregoing facts, that complainant's possession under his tax deed had been open, notorious, and adverse for a period sufficient to give him title by adverse possession under the statute, and asking that his title be quieted as against defendant, or, in lieu of such relief, that the attempted forfeiture of the land contract be set aside, and complainant permitted to redeem therefrom upon such terms as should be just and equitable, and also praying for general relief.

By the record it was conceded by defendant's counsel that between the time of the service of the attempted forfeiture notice, and the filing of the bill of complaint there was no unreasonable delay. Defendant first demurred to the bill, which was overruled. Later defendant answered, denying the claimed equities and allegations of the bill. The case, being at issue, was heard upon testimony taken in open court. A decree was entered permitting complainant to redeem from the forfeiture by paying to defendant, within 60 days from the date of the decree, or, in case of an appeal by defendant, within 60 days after the affirmance of the decree in this court, the full amount of the purchase price, with interest, together with the costs of the ejectment suit, and of this suit, less the amount of the taxes of 1894, with interest, in default of which payment defendant should be entitled to a decree dismissing the bill. From this decree defendant has appealed.

Although at the time the bill of complaint was filed complainant was claiming to own the land by virtue of his tax deed, at the hearing it appears that he testified that he was then willing and anxious to pay the principal sum of the contract, with interest, less the taxes of 1894, and interest.

While the tax sale and deed were void, the tax ap-

peared to be a lien upon the land and the complainant was justified in paying it. After the service of the notice of forfeiture, it is established by the evidence that there were some negotiations between the parties, and the complainant offered to pay $300 in settlement, but this offer was refused by defendant.

In the written opinion of the learned circuit judge he said:

"It is the claim of the complainant that there will be no injustice upon the defendant if the complainant is permitted to redeem from the forfeiture of the contract by paying the amount due under its terms, together with the legal interest thereon. In reply to this claim of the complainant, the defendant contends in his answer that all of the rights of the complainant in the land contract should be forfeited; that there has been a legal and valid notice of forfeiture served upon the complainant and other vendees. The defendant contends that the complainant has placed himself in such a position by his long claim of ownership under the tax title, and by his insistence upon said claim in his bill of complaint, and by his failure to make any effort to comply with the terms of the contract, and by his complete and unequivocal repudiation of all of his obligations under the contract, as well as by his surreptitiously endeavoring to acquire a title adverse to his vendor, he could have no standing in a court of equity, and that to suspend and enjoin the legal right and remedy of the defendant to proceed with his ejectment case and relieve the complainant from the effects of the forfeiture of the contract, the complainant should come into court showing some special and significant equities, and that in this case it cannot be said that the complainant has any equitable standing at all, but, on the contrary, by his actions and attitude places himself entirely beyond relief in a court of equity. On the other hand, the complainant claims that the defendant, by serving a notice of forfeiture upon the complainant, recognized the interest of complainant in the land contract; that, as a matter of fact, the defendant has not been in any way injured by any act of the complainant; and that, if the defendant should be paid

188 Mich.—13.

the full amount of the purchase price, together with interest thereon, he will not suffer any wrong or injustice.

"I am of the opinion that the complainant should be permitted to redeem. He has made substantial improvements upon the land to the knowledge of and without any interference upon the part of the defendant. While the complainant was undoubtedly guilty of reprehensible conduct in purchasing the State bid and acquiring the tax deed thereon, and afterwards pretending to the defendant that he did not intend to acquire the title to the land against the defendant's rights, but simply to protect both of them, yet it cannot be said that this conduct of the complainant has in any way injured the defendant. At the expiration of the six months after the tax notice was served upon him the defendant knew that the complainant pretended to claim the premises under the tax deed; yet the former took no steps to disturb the complainant in his possession of the premises for the period of eleven years thereafter. Under the circumstances, I cannot see that the maxim the 'one who comes into equity must come with clean hands' should have any application to this case. The complainant, in claiming the land during all of those years under his so-called tax title, acted in pursuance of the advice of a reputable and distinguished lawyer. To defeat the complainant now would, in effect, be to forfeit all of his improvements and the taxes that he has paid ever since he entered into possession of the land. The maxims of equity should not be permitted to harden into rigid and formal doctrines. If equity is to work substantial justice, it must remain free and plastic, within reasonable limits. Equity will not render aid in enforcing a forfeiture, but will interpose to relieve from them"— citing cases.

We are of the opinion that the conclusion of the court below finds support in the following cases in this court: *Stickney* v. *Parmenter,* 35 Mich. 237; *Hodges* v. *Buell,* 134 Mich. 162 (95 N. W. 1078); *John* v. *McNeal,* 167 Mich. 148 (132 N. W. 508).

However, as complainant is seeking relief against a forfeiture, he should pay sufficient to make the defend-

ant whole. Defendant had brought a suit in ejectment. He was allowed in the court below the taxable costs only, in that case. Considering all the circumstances, we think an allowance of $50 beyond the taxable costs in the ejectment suit should be allowed and paid to defendant, and the decree will so provide. In all other respects the decree of the circuit court is affirmed.

We think that neither party has any claim to costs in this court, and none will be awarded.

BROOKE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.