# James H. Green v. Eli G. Bennett.

*Practice in supreme court: Assignments of error, not supported by exceptions, will not be considered.* In a case tried before the court below, without a jury, where special findings of facts and law have been filed, and no exceptions were taken to the finding, and no bill of exceptions was settled, the only question open for adjudication upon a writ of error bringing the case to this court, is whether the finding supports the judgment.

*Contract for sale of wood and timber, to be removed within specified periods: If sale absolute, provision as to removal, a covenant.* Under a contract for the sale of the wood and timber on certain lands, to be removed at certain specified times, if the contract be construed as making an absolute sale, the wood and timber remain the property of the purchaser though not removed within the time provided; and the taking and removal of the same by the vendor is a wrongful conversion, for which the purchaser has a clear right of action, though he may be liable for a breach of his covenant to remove the same within the times specified.

*If provision as to removal, a condition, effect of breach.* On the other hand, if the sale by the terms of such contract be conditional, and the provisions for the removal thereof within the specified periods in the nature of a condition, the purchaser, if the vendor should insist upon the condition, would lose all right to the wood and timber not removed within the times specified; and the vendor would have the right to insist upon this breach of condition, and hold the wood not thus removed; and this would constitute his only security against, and his only remedy for, the failure to perform the condition.

*Such condition may be waived: What a waiver: Effect thereof.* If in such contract the provisions for the removal within the specified periods be a condition, it is one which the vendor may waive; and by claiming and receiving from the purchaser damages for the failure to remove the wood and timber in time, he would waive the condition, and the wood and timber would remain the property of the purchaser, to be removed within a reasonable time.

*Trover: When judgment supported by finding, whether sale absolute or conditional.* A finding, therefore, in an action of trover by the purchaser against the vendor, for the conversion of wood and timber sold on such contract, that the vendor sued and recovered judgment against the purchaser for failure to perform such contract, and that the purchaser paid the same, would support a judgment for the purchaser for the value of the wood and timber, whether the provisions of the contract for the removal within specified periods be a covenant or a condition.

*Heard October 3.   Decided October 10.*

Error to Branch Circuit.

This was an action of trover, brought by Eli G. Bennett against James H. Green, to recover the value of certain wood and timber. The cause was tried before the court without a jury, and the court, on the written request of the defendant, found the following facts, viz:

GREEN *v.* BENNETT.

The plaintiff and the defendant and one Charles B. Case, then all of Bronson, in the county of Branch, Michigan, on the 16th day of November, 1866, made, executed and entered into the following contract, in writing, for the sale, by the defendant and said Case to the plaintiff, of certain wood and timber as therein specified, on the north half of the southwest quarter of section three in said township, of which premises the said defendant then held the title in fee; and the said Case then had a written contract from said defendant to sell and convey the same to him, said Case, on his completing the payment to defendant of the purchase price of the same as therein specified.    Said written contract for the sale of said wood and timber, by said defendant and said Case, to the plaintiff, was in the words and figures following, to-wit:

"Know all men by these presents, that James H. Green and Charles B. Case, of the town of Bronson, in the county of Branch and state of Michigan, of the first part, for and in consideration of the sum of six hundred dollars, lawful money of the United States, to them paid by Eli G. Bennett, of same place, of the second part, the receipt whereof is hereby acknowledged, have bargained and sold, and by these presents do grant and convey, unto the said party of the second part, his executors, administrators or assigns, all the wood and timber on the west side of Swan Creek, on the following described premises, to wit: the north half of the southwest quarter of section three, in township seven south, of range eight west, in the county and state aforesaid, excepting ten acres on the north side.    Excepting also rail timber enough to make an eight-rail fence around the lot of timber and wood hereby sold,—to be taken from the smallest-sized trees to be found suitable for rails.    Eight acres of said wood and timber on west end to be taken off by the 1st of May next by said Bennett, and ten acres more

by the first of September next, and all the rest and residue of said wood and timber to be taken off by the said Eli G. Bennett within one year from the first day of September next; and the said Bennett hereby agrees to take the same off as above specified, and also, to pile the brush in good order. To have and to hold the same unto the said party of the second part, his executors, administrators and assigns forever. And the said parties of the first part, for themselves, their heirs, executors and administrators, do covenant and agree to and with the said party of the second part, his executors, administrators and assigns, to warrant and defend the sale of the said property, goods and chattels hereby made unto the said party of the second part, his executors, administrators and assigns, against all and every person or persons whatsoever. In witness whereof the parties to this instrument have hereunto set their hands and seals this 16th day of November, one thousand eight hundred and sixty-six." [Signed and sealed by respective parties.] At the time of the making and entering into the contract for this wood and timber, Case was in possession of the premises under his contract of purchase from Green. Plaintiff gave his promissory notes to Case for the amount of the purchase price for the wood and timber which was not paid down, and Case subsequently transferred them to defendant, to whom they were paid in full by plaintiff, some of them after the expiration of the year 1868. Case, in the spring or summer of 1868, sold and transferred back to the defendant his contract for the purchase of the land, and all his interest in the land and in the wood and timber contract aforesaid, and gave up to him possession of the premises. Plaintiff, before such transfer by Case, had cut and taken off the first eight acres of wood and timber, and also most of the ten acres; but Case, in the spring or fore part of the summer of 1868, before he sold back to defendant,

had slashed over and felled promiscuously on the ground, and left in that condition, about ten or twelve acres of the said wood and timber included in plaintiff's contract, and had so done this without any authority or permission of the plaintiff. The said Case also, before giving up possession to defendant, girdled another portion of said wood and timber included in said plaintiff's contract, and left it standing on the ground. This girdling by Case was also done without the authority or permission of the plaintiff. The plaintiff had not removed or cut off all of the wood and timber included in his contract by the first day of September, 1868, nor had he cut nor removed from the premises the said girdled wood and timber, nor the wood and timber so slashed down and left on the ground by said Case. In the winter following September, 1868, the defendant, desiring to have the land cleared, and claiming that the time limited by the contract with plaintiff had expired, and that the plaintiff had lost all right to the wood and timber on the premises, caused to be cut up and drawn away from the premises and sold, and otherwise disposed of to his own use, some ninety-three cords of wood and timber so slashed and cut down and lying on said land, and of the trees so girdled and standing thereon, the plaintiff at the time forbidding him so to do, and claiming the said wood and timber as his own under the bill of sale. The defendant also afterward, in the winter of 1869 and 1870, caused to be cut and hauled away from said premises, and converted to his own use, some twenty-five cords more of the wood and timber standing and growing on said premises, and originally included in said bill of sale to plaintiff, and also some thirty-eight cords more of the wood and timber on said premises so girdled and so slashed and cut down thereon. Before doing this the defendant had requested the plaintiff

to clear the land of the wood and timber, and to draw off what was cut on the same, and the plaintiff had failed to do so, alleging that the season was then too wet, and the market for wood poor, and offering to pay the defendant for the use of the land not cleared; and the defendant having sued the plaintiff and obtained a judgment against him for his failure to perform his said contract in not clearing the land and piling the brush according to the terms and conditions thereof, the plaintiff paid to the defendant the full amount of said judgment. No agreement was ever made. between the parties for an extension of time under the contract. The value of the wood, per cord, on the premises, when taken, cut and hauled away, was one dollar and fifty cents. Its value when cut up and delivered at the railroad depot at Bronson, where most of it was marketed, was three dollars and twenty-five cents per cord. Most of it was cut up into eighteen or twenty-inch wood in length, when so marketed.

On the above facts the court found, as conclusions of law, that the property in said wood and timber so taken by the defendant was, at the time when so taken by defendant, the property of the plaintiff, and that the defendant was guilty of the unlawful conversion thereof, as alleged in the plaintiff's declaration, and that the plaintiff was entitled to recover against the defendant as his damages the sum of one dollar and fifty cents per cord for all the wood and timber so converted by him, being in all one hundred and fifty-six cords, together with interest thereon from the respective times of conversion, to wit: interest for two years on the value of that converted in the winter of 1868 and 1869, and interest for one year on the value of that converted in the winter of 1869 and 1870, in all amounting to two hundred and sixty dollars and fourteen cents damages, for which

amount judgment is ordered to be entered in favor of the plaintiff against the defendant herein. Judgment was rendered accordingly.

To this finding no exceptions were taken, and the cause was brought to this court, by the defendant, on writ of error, without any bill of exceptions. The errors assigned were as follows, viz: 1. That the circuit judge erred in holding that the wood and timber in question belonged to the plaintiff (below). 2. That the said circuit judge erred in adopting as a rule of damages the value of the said timber and wood when cut up into cord-wood. 3. That the circuit judge erred in not adopting as a rule of damages the value of the wood and timber in the tree, as it was before any labor had been expended upon it to manufacture it into cord-wood. 4. That the within finding of facts by the circuit judge in said cause does not support the said judgment entered therein.

*Shipman & Loveridge*, for plaintiff in error.

*E. G. Fuller*, for defendant in error.

CHRISTIANCY, J.

There being no bill of exceptions in this case, nor any exceptions taken to the special finding of facts and law by the judge, the only question open for adjudication upon this writ of error is whether the finding supports the judgment; and this depends upon the special contract and what was done under it, as set forth in the finding.

It is insisted on the part of the defendant in error (plaintiff below), that, by the contract, the sale of the timber was absolute, and that the provisions for taking it off the land, within the periods fixed, were in the nature of a covenant, and not of a condition. On the other hand it is insisted that these provisions are in the nature of a condition, giving the purchaser the right to take the wood and

GREEN v. BENNETT.

timber, only on condition that he should remove them within the specified periods.

It is quite unnecessary to determine this question. If the contract is to be construed as making an absolute sale, then the wood and timber remained the property of the purchaser (plaintiff below), though not removed within the times provided; and the taking and removal of the wood by the vendor (defendant below) constituted a wrongful conversion for which the purchaser had a clear right of action; though he would have been liable to the vendor for a breach of the covenant to remove within the times agreed.

But if the sale was, by the contract, conditional, and the provisions for the removal within the specified periods in the nature of a condition, instead of a covenant, then the purchaser, if the vendor should insist upon the condition, would lose all right to the wood and timber not removed within the time; and the vendor would have the right to insist upon this breach of the condition, and hold the wood not thus removed; and this would constitute his only security against, and his only remedy for, the failure of the purchaser to perform the condition by removing the wood within the time; for if the provision as to the time of removal constituted a condition to the sale, then it was not a covenant upon which the vendor could bring an action for damages at the same time that he insists upon its forfeiture as a condition, and holds the wood and timber upon that ground. If a condition, it was one which the vendor might waive; and by claiming and receiving from the purchaser the damages for the failure to remove them in time, he clearly waived the condition, and left the wood and timber as the property of the purchaser, to be removed within a reasonable time.

In either view of the case, therefore, the right of action of the plaintiff below was complete, upon the facts found; and the finding, therefore, supports the judgment.

GREEN v. BENNETT.

There being no exception to the judge's finding of law or facts, the question of the measure of damages adopted by the circuit court is not property before us.

The judgment must be affirmed, and the defendant in error must recover his costs in both courts.

The other Justices concurred.