GEORGE T. GAMBLE v. SAMUEL G. M. GATES.

[See 92 Mich. 510.]

*Res judicata—Lien—Fraudulent transfer.*

1. It is contrary to the settled practice of the Court to permit a review upon a second hearing of the questions decided upon a former hearing of the case.[1]

2. The right to a lien is usually based upon something in the nature of a contract to furnish materials or perform services for another.

3. Where, by reason of the failure of a vendee to remove within the stipulated time logs which he has cut under a timber contract, the logs revert to the vendor, the vendee cannot, in an action of replevin for the logs brought by an assignee of the vendor, assert a special property in the logs by way of lien for his labor, nor can he attack the *bona fides* of the transfer.

Case made from Bay. (Cobb, J.) Submitted on briefs October 27, 1893. Decided November 10, 1893.

Replevin. Defendant assigns error. Affirmed. The facts are stated in 92 Mich. 510.

*Chester L. Collins,* for appellant.

*James H. Davitt (T. E. Tarsney,* of counsel), for plaintiff.

HOOKER, C. J. For a former consideration of this cause upon appeal from a former judgment, see 92 Mich. 510. Upon a second trial judgment was rendered in favor of the plaintiff, and defendant appeals.

Counsel asks us to permit a review of the questions decided upon the former hearing, but this would be con-

[1] See *Hickox v. Railway Co.,* 94 Mich. 237; *Damon v. DeBar,* Id. 594.

97 MICH.—30.

trary to the settled practice of the Court.    That decision must be the law of the case, so far as it legitimately goes.

It leaves but two questions:

1. Can the defendant assert a special property in the logs by way of lien for his labor?

2. Can defendant attack the *bona fides* of the transfer of Henry Gamble's interest to his son?

The right to a lien is usually based upon something in the nature of a contract to furnish materials or perform services for another.    There is nothing of the kind here. The defendant cut this timber for himself.    He could have removed it in proper season, but his delay terminated the right, and, as decided on the former hearing, the title to the timber reverted to Gamble's assignee.    The law of liens has no application.

-The good or bad faith of Gamble in assigning to his son cannot be raised here.    So far as appears upon this record, the defendant has no interest in the ownership of the timber.    All of his contract rights were as available against George as Henry Gamble.    When they ended, he had no further interest.

The judgment must be affirmed.

The other Justices concurred.