THE DETROIT & BIRMINGHAM PLANK ROAD COMPANY v.
THE DETROIT SUBURBAN RAILWAY COMPANY
AND THE DETROIT CITIZENS' STREET
RAILWAY COMPANY.

*License to railroad company—Limitation of time—Plank-road
companies—Exclusive rights in highways.*

1. A plank-road company, which, by the terms of its charter, had been put into the exclusive possession of a certain highway for the purposes of its incorporation, contracted in writing to allow the contractees to construct, maintain, and operate a single-track electric railway over a designated portion of said highway. The contract provided that the construction of the road should be commenced within one year, and completed within five years; otherwise the contract should be null and void. All of the road, except one-half mile, was completed within one year. After the expiration of the five years, the assignees of the contractees undertook to construct the remainder of the road, and were perpetually enjoined at the suit of the plank-road company from doing so. And it is held that there is no reason why the parties should not be bound by the express terms of the contract, and the decree is affirmed.

2. The charter of a plank-road company authorized its board of directors to enter upon and take possession of a certain portion of a public highway, and proceed to construct and maintain thereon a plank road. And it is held that the power of

the Legislature to make the privilege exclusive is undoubted; citing *Wright v. Nagle*, 101 U. S. 791.

3. The use of the highway by an electric railway for the transportation of passengers in cars, in consideration of tolls to be paid to the railway company, is a use inconsistent with the rights and franchises of said plank-road company.

Appeal from Wayne. (Donovan, J.) Argued October 5, 1894. Decided January 22, 1895.

Bill to restrain the defendants from constructing an electric railway track upon a portion of Woodward avenue in the city of Detroit. Defendants appeal. Decree affirmed. The facts are stated in the opinion.

*Frank B. Leland (C. A. Kent,* of counsel), for complainant.

*Russel & Campbell,* for defendants.

McGRATH, C. J.   On the 29th day of October, 1885, an agreement was entered into between complainant, as party of the first part, and Frank E. Snow and William A. Jackson, parties of the second part, whereby said first party agreed to allow the parties of the second part to construct, maintain, and operate a single-track electric railway from a point within the city of Detroit, northerly "along and over the westerly ditch of the said plank-road company's roadway, to the Six-Mile House;" and the parties of the second part agreed to pay for the privilege, "on or before the commencement of the construction of the railroad aforesaid, the sum of $3,000." It was further stipulated that "the construction of said railroad shall be commenced within one year, and completed within five years; otherwise this agreement shall be null and void." On May 5, 1886, the parties of the second part assigned to the Highland Park Railway Company, and on May 6, 1886, the said company paid to the party of the first part the $3,000.

Within one year from the date of said agreement the said electric railway was constructed to a point within one-half mile of the said Six-Mile House, and the road has since been operated to that point. In 1893 defendants undertook to extend the tracks further north, and complainant files its bill to enjoin such extension.

The parties to the contract expressly agreed that unless the second parties should, within five years, construct and complete the railway, the contract should be null and void; in other words, that the license to enter, at least upon so much of the road as had not been entered upon, should be regarded as revoked. There is no reason why the parties should not be bound by the express terms of the instrument. They have thereby agreed that time shall be treated as essential. Defendants are now attempting to construct their railway upon this way. Complainant files a bill to enjoin them. They set up a license or permission granted by complainant, and complainant replies that they are not within its terms. Equity is not invoked to declare a forfeiture, or to divest defendants of possession, but to prevent an entry and the construction of the railway. Defendants set up the license and claim a right of entry under it. The case does not differ in principle from *Gamble v. Gates,* 92 Mich. 510, and *Haskell v. Ayres,* 32 Id. 93.

It is insisted, however, that, independent of the agreement, complainant has no such exclusive control of the way as will support its bill. Complainant has a special charter granted in 1848. Laws of 1848, Act No. 255. Section 4 of said act provides that—

"As soon as said company shall be duly organized, the board of directors thereof are hereby authorized to enter upon and take possession of so much of the Detroit and Saginaw road, so called, as lies between the Grand Circus, in the said city of Detroit, and the village of Birmingham,

and proceed to construct and maintain thereon a plank road."

By the terms of its charter, complainant was put into possession of said highway, and it was to retain such possession for the purpose of the construction and operation ·of its road. There is no doubt of the power of the Legislature in such case to make the privilege exclusive. *Wright v. Nagle,* 101 U. S. 791. Whatever rights either the public or abutting owners may have respecting such highway are subject to the operation by complainant of its plank road. The use of the way by an electric railway for the transportation of persons in cars, in consideration of tolls to be paid to the railway company, cannot be said to be a use consistent with the rights and franchises of the plank-road company.

, The decree of the court below is affirmed, with costs to ·complainant.

LONG, MONTGOMERY, and HOOKER, JJ., concurred. ·GRANT, J., did not sit.