HANEY *v.* AUDITOR GENERAL.

1. RES JUDICATA — DECREE IN EQUITY — TAXATION — QUESTIONS
   NECESSARILY DETERMINED BY JUDGMENT.

   Relator in mandamus to compel the auditor general to issue a
   certificate of error canceling a tax sale, is concluded from
   setting up the claim that the taxes had been paid, by evi-
   dence of a prior decree in a cause in·chancery dismissing re-
   lator's bill of complaint, in which he averred that he had
   tendered to defendant the amount of such tax that he
   treated as valid, and was therefore entitled to redeem and
   that defendant's purchase of a previous bid was void.

2. TAXATION—REDEMPTION.

   After redemption from a purchaser of lands for unpaid taxes
   returned by and bid in by the State, which subsequently sold
   the property as State tax lands, the owner may not secure
   from the State the repayment of taxes claimed by him to
   have been invalid which the purchaser paid at the time of
   his purchase.

Mandamus by Elijah Haney against Oramel B. Fuller,
auditor general of the State of Michigan, to compel the is-
suance of a certificate of error canceling certain tax sales.
On motion to settle issues: Submitted March 13, 1911.
(Calendar No. 23,973.)   Petition dismissed May 8, 1911.

*Eugene Carpenter,* for relator.

*Franz C. Kuhn,* Attorney General ( *Charles W. Mc-
Gill* and *George L. Hauser,* of counsel), for respondent.

OSTRANDER, C. J.   After the decision in *Haney* v.
*Miller,* 154 Mich. 337 (117 N. W. 71, 745), was handed
down, the complainant, who is the relator here, applied to
the auditor general for a certificate of error, canceling the
sale and bid to the State of the west half of the northeast
quarter of section 26, town 4 north, range 11 west, for cer-
tain drain taxes claimed to have been reassessed thereon
in the year 1885, and to cancel the sale and the bid to the

State of the northeast quarter of the same section for the taxes for the year 1891, and to cancel two tax deeds issued by the auditor general to Archie T. Miller, conveying to him the said lands as State tax lands.  The auditor general denied the petition, and thereupon the relator applied to this court for an order to the said auditor general to show cause why mandamus should not issue to compel him to issue the said certificate of error.  An order to show cause was granted on the 1st day of April, 1910.  Copy of the order and of the petition and affidavits was required to be served upon both the respondent, auditor general, and Archie T. Miller, who was defendant in the cause which has been referred to.

The auditor general answered the petition, and in the answer asserted that relator is entitled to no relief, and that all matters now sought to be inquired into and adjudicated were involved in and were adjudicated and determined by this court in the said cause of *Haney* v. *Miller*. The answer of the auditor general was filed in May, 1910, and the matter appears to have stood upon petition and answer until some time in October, 1910, when relator moved for an order striking respondent's answer from the files and also to have an issue framed for trial.  This motion was noticed for hearing on October 25, 1910. December 3, 1910, an order was made, denying the motion to strike respondent's answer from the files, but permitting relator to file a replication, if he desired to do so, and to propose issues to be framed for settlement.  Under date March 23, 1911, relator proposed questions of law and fact, with notice to the auditor general and an invitation to propose amendments.  Objections were filed by the auditor general, who again insisted that the situation is the same as that considered by this court in deciding *Haney* v. *Miller*, and that this is an attempt to reverse the decision of this court in that case.

It appears from the record in the case of *Haney* v. *Miller*, and from the opinions which were filed, that the complainant sought a decree permitting him to redeem

the land from the sale thereof, made by the auditor general to the defendant Miller, and quieting his title to the land.  The facts were that when the defendant Miller applied to the auditor general to purchase the northeast quarter of section 26, township 4 north, of range 11 west, which was in June, 1904, the west half of the premises had been returned delinquent for taxes assessed thereon for the year 1885, together with certain reassessed drain taxes for the years 1881, 1882, 1883, and 1884; that none of these taxes were paid, and that the land was bid in to the State in 1887; that the entire quarter section was returned delinquent for the taxes assessed thereon in the year 1891, and was bid in to the State at the annual sale in 1893.  The land was held as State tax land until sold to the defendant Miller, whose deed was dated August 16, 1904.  Complainant owned the original title and was in possession of the land, and when Miller served upon him notice of his purchase and a statement of the amount required to secure a reconveyance the relator tendered him the tax of 1891, with the interest, costs, and penalties, and demanded a reconveyance, claiming that the prior taxes were void.  His tender being refused, he filed his bill, as has been stated.  The bill was dismissed in the court below, and the decree affirmed in this court.

Two propositions are made plain in the opinion agreed to by a majority of the justices, which are, first, that the auditor general had no right to sell the State's title to the land to any person who should not pay all taxes which had been returned and appeared on his books as outstanding and unpaid, and, reaffirming former decisions of the court, that the State took title to this land in 1893, the complainant was completely divested of title, and when the State parted with its title to the defendant Miller it was upon the condition that complainant might secure a reconveyance when he had repaid to the purchaser the money which had been paid to the auditor general, with the statutory costs and penalties.

It will be noticed that in the minority opinion it is said:

"Complainant by his bill and proofs made out a case entitling him to equitable relief. The taxes of 1885 were not a valid lien upon this land at the time of defendant Miller's purchase. The sale for said taxes was a void sale. The entire amount thereof, except $2.83, was absolutely void, and complainant is entitled to have the same so decreed. All the parties in interest are before the court, and such decree can be now made as will dispose of the entire controversy. It will be unnecessary to order this amount of the 1885 assessment, which is a valid tax, to be returned for reassessment, but the same will be paid by complainant to defendant Miller, with such interest, if any, as may lawfully be added to the same, if returned for reassessment. This amount, together with the amount tendered by complainant to said defendant Miller, will be decreed to be paid him by complainant, and thereupon said Miller to reconvey all his interest in the lands in question to complainant. The auditor general will be decreed to refund to defendant Miller the money paid on his purchase for such portion of the 1885 taxes as are by this opinion declared to be invalid."

This reference is made to show the scope of the inquiry and the questions which were considered upon that appeal.

But in the majority opinion appears this language:

"Again, the remedy through cancellation may possibly render redress to the repurchasing owner in proper cases, though we do not decide that question"—a remark which it may be assumed invited the complainant, the relator here, to attempt in this proceeding to secure a cancellation of the tax deeds and a return to him from the State of a portion of the money which he had paid to secure a reconveyance of his land. If it can be said that any new matter is set up in the petition for the order to show cause, it is because relator asserts therein that he paid the taxes for the year 1891 to the township treasurer and has a writing which he exhibits, purporting to be made by the township treasurer, to the effect that the taxes on said quarter section for the year 1891 were paid on January 20, 1892. It was expressly found in the chancery proceeding that by virtue of the sale of the land for the taxes of

1891 the State obtained an absolute title to these premises. It was complainant's theory in ,that proceeding that he was bound to pay to the purchaser of the State's title the taxes of the year 1891, with the proper penalties, and that he had tendered the necessary amount to the purchaser. It was not claimed that the taxes for the year 1891 were paid, or that they were not valid. Relator is therefore concluded by the adjudication then made.

This being so, it is evident that the only question open to relator is the one whether in this proceeding he may procure a cancellation of the deed for the taxes of the previous years, and the cancellation and setting aside of those taxes as invalid. That he may not do this is a conclusion which logically follows the reasoning of the majority of the justices in *Haney* v. *Miller*. If the State's title, acquired in the year 1893, divested the complainant of all interest in the land—was an absolute title—and, in selling that title, the auditor general was lawfully bound to exact from the purchaser payment to the State of the taxes for the previous years which stood upon the books of the State charged to this land, and if the owner to secure a reconveyance of that absolute title was bound to pay to the purchaser the money which the purchaser so paid to the State, with the statutory costs and penalties, this being the limit and extent of the grace extended to him by the State, there is no escape from the conclusion that having secured such reconveyance upon such terms he may not now secure from the State a portion of the sum so paid, upon the theory that it was an unlawful exaction.

The order of this court, permitting the relator to propose issues to be framed, is set aside and revoked, and relator's petition dismissed.

BIRD, HOOKER, MOORE, McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.