HANEY *v.* ALLEGAN CIRCUIT JUDGE.

MANDAMUS—RECORD—COURT RULES.

> Where petitioners in mandamus filed an additional printed record containing matters which counsel for respondent considered necessary to a proper understanding of the questions involved, and which the court on motion had determined should be incorporated in the record, a second motion to dismiss, on the ground that other material things had been improperly omitted therefrom, is denied on the ground that the record sufficiently presents the points involved as required by Supreme Court Rule 56.

Mandamus by George M. Haney and another against Philip Padgham, judge of the Allegan circuit court, to compel respondent to settle a record on appeal and approve a bond. On motion to dismiss for insufficiency of the printed record. Submitted April 4, 1911. (Calendar No. 23,916.) Motion denied December 8, 1911.

*Brown, Farley & Selby*, for the motion.

*Eugene Carpenter*, contra.

PER CURIAM. Relators filed a petition in mandamus proceedings against respondent circuit judge to compel

him to settle the testimony in a certain chancery cause heard before him in open court, and to approve a bond on an appeal thereof to this court from certain final orders made therein or show cause why he neglects and refuses so to do. Respondent answered this petition, and later moved this court to dismiss the petition because the record printed in these proceedings was incomplete. Upon this motion an order was made that relators complete the record within a certain time. 164 Mich. 581 (129 N. W. 865). An amended record was filed March 1, 1911, in pursuance of said order. This was claimed by respondent not to include much material matter necessary to a proper understanding of the case, and another motion has been made on his behalf to strike from the files of this court such amended printed record. The amended record filed in pursuance of said order March 1, 1911, and "Addenda to the Amended Record," filed March 21, 1911, after this last motion was made, present 163 pages of printed matter which relators claim is sufficient to inform the court of the facts involved in this motion. The case tried in the circuit court is not here for consideration, nor are any of its merits before us for discussion.

Relators claim that they are hindered from getting the case here, and denied an appeal to this court by the refusal of the trial judge to settle the testimony in the case, and this court by these mandamus proceedings is asked to determine the merits of that claim and nothing more. The rule of this court (No. 56) under which counsel for respondent claims this record is insufficient requires only so much of the records in mandamus cases to be printed "as is necessary to present the points raised." The opinion filed at the time relators were required to file an amended record ordered relators "to file a printed record of the proceedings in this cause which will comply with said rule." 164 Mich. 582 (129 N. W. 866). Relators insist that they have complied with the order of the court. The decree from which relators are attempting to

appeal was entered in a cause wherein a writ of assistance was asked for in certain tax proceedings.

Relators insist that there are but two propositions involved in their petition for mandamus:

(a) Whether they and each of them have a legal right to appeal to this court as claimed.

(b) Whether the respondent refuses to perform a legal duty to settle the testimony in the original cause.

Neither of these questions are before us for consideration at present. We are to determine whether so much of the record has been printed "as is necessary to present the points raised," and thereby satisfy the rule. On the part of respondent, the specific grounds of this motion are that certain paragraphs were omitted from Exhibit B, attached to respondent's answer, and also parts of said answer. No benefit can arise from printing the claimed omissions. Suffice it to say that from our examination we are satisfied that the portions omitted are not necessary to present the questions raised. For much of this omitted matter it is claimed that it shows improper conduct and statements on the part of relators' counsel. As to such matters, undoubtedly there was a proper time and place to deal with them; but not in these proceedings. In our opinion the present printed record is sufficient for the purposes of these proceedings, and, in fact, a much shorter record would have satisfied the requirements of the rule and presented all the necessary information contained in this record.

The motion to strike this record as amended from the files of this court is denied, and the parties will proceed according to the practice of this court to a hearing upon these mandamus proceedings.