DYE *v.* EAST SHORE WOODENWARE CO.

1. DEEDS — LOGS AND LOGGING — INJUNCTION AGAINST REMOVING TIMBER—"REVERT."

Under a conveyance to defendant of all timber on certain land, to be removed before a date specified, after which all timber, whether cut or uncut, remaining thereon, should revert to complainant, logs cut and skidded, remaining on the land at the date named, became complainant's property.[1]

2. INJUNCTION—SALES—FORFEITURE.

Equity has jurisdiction to prevent defendant from removing the timber which, by the terms of the deed of conveyance, reverted to the owner after the day stated, the suit not requiring the declaration of a forfeiture.

Appeal from Wexford; Lamb, J. Submitted January 16, 1912. (Docket No. 71.) Decided March 12, 1912.

Bill by Rosetta Dye against the East Shore Woodenware Company for an injunction against a proposed trespass. From a decree for complainant, defendant appeals. Affirmed.

[1] As to when timber must be removed on conveyance of title to timber without title to land, see note in 55 L. R. A. 513.

Rights and remedies of landowner and owner of timber after expiration of time stipulated for removal of same, see note in 29 L. R. A. 547.

*Gaffney & Miltner*, for complainant.

*D. G. F. Warner*, for defendant.

Moore, C. J.  This is an injunction bill.  From a decree in favor of the complainant, the case is brought here by appeal.

The material parts of the decree are as follows:

"(1) That upon the 28th day of November, 1906, the complainant was the owner in fee of the southeast quarter of the southeast quarter of section 10, in town 22 north of range 12 west, and upon this date she conveyed by deed to the defendant all the timber on the land above described, which conveyance contained the following clause: 'All timber, whether cut or uncut, remaining on said land after said date, shall revert to said first party, her heirs and assigns.'

"(2) That after the said 28th day of November, 1909, and at the time of the filing of this bill, there remained upon said land 100,000 feet of logs cut therefrom which were of the value of $500, and which the defendant intended to remove therefrom, to prevent which the bill in this case was filed.

"(3) That the title in and to said timber upon and after the 28th day of November, 1909, reverted to and became vested in the complainant, and the defendant had no title thereto nor no right to remove said timber from said land.

"(4) That upon the 25th day of February, 1910, it was stipulated and agreed by and between said parties that the temporary injunction issued in said cause be and the same was dissolved, and upon the same date the said defendant filed a bond in said cause, wherein D. G. F. Warner and J. F. Hofstetter, of Frankfort, Mich., were sureties, in which it was provided that the said defendant be permitted to enter upon said land and remove therefrom the logs and timber cut thereon without hindrance, and that said suit be prosecuted to a final determination, and the court determine the amount of the value of said timber, and, if the court should find that the property belonged to the complainant at the time of the commencement of said suit, then judgment against the East Shore Woodenware Company was to be rendered, and that if judgment was rendered in favor of said complainant, and against said defendant, then judgment was also to be en-

tered against the sureties in said bond, as well as against said defendant, and that said sureties and each and every one thereof was to be held jointly and severally liable for said judgment and the payment thereof.

"(5) It is, therefore, further ordered, adjudged, and decreed that the said defendant, the East Shore Woodenware Company, be, and it is hereby, perpetually enjoined from entering upon the southeast quarter of the southeast quarter of section 10, in town 22 north of range 12 west, and from cutting or in any manner interfering with said land or the timber standing, lying, and growing thereon.

"(6) It is further ordered, adjudged, and decreed that the said defendant, the East Shore Woodenware Company, D. G. F. Warner, and J. F. Hofstetter pay to the said complainant the sum of $500, with interest at rate of 5 per cent. per annum from the 10th day of February, 1910, together with costs to be taxed in said cause, and that complainant have execution therefor."

Defendant claims (we quote from the brief):

"(1) That it bought by warranty deed, absolute and forever, all the merchantable timber on the described tract of land.

"(2) That the limitation as to time for removing the same was a license to go upon said land for and during said period; that if defendant went upon said land after said time he was liable in damages.

"(3) That the timber was all removed prior to the 28th day of November, 1909, by being cut and skidded.

"(4) That the reversionary clause, if anything, is a clause of forfeiture; if a covenant, it is a condition subsequent, and cannot be enforced in a court of equity."

Each of these propositions is argued at length. The first three propositions may be considered together. We think the case is on all fours with the case of *Gamble* v. *Gates*, 92 Mich. 510 (52 N. W. 941), where Justice LONG, speaking for the court, said:

"The plain intent of the agreement was that, even if the conditions and agreements had otherwise been performed, all timber remaining upon said lands at the expiration of the time limited, whether cut or uncut, should *revert* and become the property of Gamble. The word 'revert' has some significance. The use of it clearly

shows that, if the title had passed to Gates by the fulfillment of the contract, still all the timber left and remaining upon the lands at the end of five years should revert and pass back to Gamble."

See, also, *Hodges* v. *Buell*, 134 Mich. 162 (95 N. W. 1078).

4. Has the court of equity jurisdiction? Equity is invoked in this instance, not to declare a forfeiture as stated by appellant, but to prevent a removal of property belonging to the complainant. See *Watrous* v. *Allen*, 57 Mich. 362 (24 N. W. 104, 58 Am. Rep. 363).

The decree is affirmed, with costs.

STEERE, MCALVAY, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.