HANEY *v.* ALLEGAN CIRCUIT JUDGE.

APPEAL AND ERROR—PARTIES—JOINDER.

> A party not joined as complainant or defendant, in a suit to redeem from a tax title, may not join with one of the defendants in appealing from an order of the court denying the modification of an order allowing a writ of assistance on application of such third party, who never filed a petition to intervene in the case and who claimed title by distinct grant, not through any of the parties to the suit; nor could he unite with defendant in an appeal from the order granting such writ.

Mandamus by George M. Haney and another to compel Philip Padgham, Allegan circuit judge, to approve an appeal bond and settle a record on appeal. Submitted June 14, 1912. (Calendar No. 23,916.) Writ denied July 10, 1912.

*Eugene Carpenter*, for relators.

*Brown & Farley*, for respondent.

OSTRANDER, J.   From the mass of matter contained in the 152 pages of record printed by the relators is to be gathered the following facts: Relators proposed to jointly appeal from an order, made October 12, 1909, granting to one Miller a writ of assistance in certain tax proceedings. George M. Haney was not a party to those proceedings, nor a party to the application for the writ of assistance.

The parties were Archie T. Miller, the tax title owner, and Elijah Haney and his wife, the owners of the original title to the land.   Relators also proposed, jointly, and in the single proceeding, to appeal from an order, made November 6, 1909, dismissing the petition of George M. Haney for a modification of the said order of October 12, 1909.   The appeal bond offered for approval refers to and recites a joint appeal.   The circuit judge, respondent, refused to approve the bond and refused to settle as a case for appeal the testimony taken upon the hearing of the application of Miller for the writ of assistance.   In his answer to the order to show cause he assigned, among other reasons, for his refusal, the one that the relators were not entitled to jointly appeal from said orders.   This court is asked to compel the settlement of a case for appeal and an approval of the bond.

The relief must be denied, for the reasons asserted by the respondent, and for other reasons.   Relator George M. Haney is not a party upon the record in the tax proceeding.   The decree did not run against him.   The order allowing the writ of assistance does not run against him.

It directs the sheriff to enter upon the premises and eject and remove therefrom Elijah Haney and his wife—

" And each and every person who since the service of said notice for reconveyance has come into the possession of said premises, * * * through or under the said respondents, or any of them, and that he put the said Archie * * * in the full and quiet possession of said premises without delay."

It is not claimed that George M. Haney is in possession of any of the premises through or under Elijah Haney, and it is claimed that he holds possession, by virtue of an auditor general's deed, adversely to every one. Manifestly, Elijah Haney is not interested in an appeal from the order denying the petition of George M. Haney. He has not claimed the right, on his own account, to appeal from the order granting the writ of assistance. George M. Haney has not asserted the right to appeal, on his own account, from the order denying his petition for a modification of the order allowing the writ of assistance. Aside from these considerations, it appears that Elijah Haney had notice of the application for a writ of assistance and was represented by his solicitor at the hearing. No answer to the petition for the writ was filed. No testimony was produced in his behalf. In the course of the hearing, his solicitor informed the court that he desired to file an answer before the matter was concluded and in all probability to file with the answer a petition in the tax proceeding for leave to file a bill of review, " at least I think I shall." He made various objections to the testimony offered on the part of the petitioner and at one point said :

" We can file a general denial during the day, for that matter, to this petition."

Later, he said :

" I can answer that petition by making a general denial of it now. I desire to file an answer in writing, and I desire also to file an answer in this case for a party who does not appear of record, who is interested in this property—in connection with the answer in this case."

He was informed that such a course would not be consented to by counsel. The hearing concluded with the following:

"*The Court:* I think that in this matter the petition should be granted.

"*Mr. Carpenter:* I desire, before the matter is passed, the opportunity of filing the objections in writing upon this holding.

"*The Court:* I supposed you had put in your objections. Of course, the time for filing an answer unless it was given—I supposed the hearing was for this morning. If there is any objection you desired to put in by way of answer, it should have been done before the present time.

"*Mr. Carpenter:* I can before the case is finally disposed of put in an answer in this matter, and I desire to put in some objections in this matter.

"*Mr. Farley:* It is a good ways from our home.

"*Mr. Carpenter:* I just waived this matter of filing an answer this morning, rather than to come in and ask an adjournment of this proceeding.

"*Mr. Farley:* There wasn't anything said to us.

"*The Court:* There was nothing said about waiver of answer until we got about halfway through with the proof. Then you announced you desired to file an answer.

"*Mr. Carpenter:* I announced in the beginning I would probably want to file an answer and probably file a bill of review, before I went into this matter.

"*The Court:* I hardly think we can wait for that. You have had time. There is no answer here, and there was nothing said about an answer until after the matter was opened. If an answer had been filed and it had been necessary for Mr. Miller to have appeared here to show that he made this demand, he would have been here probably. As I understand, that part of it is practically admitted, that he came there and presented papers, which he says he did in his petition, and demanded possession, and it was refused, and, as you say, Mr. Haney had delivered up possession to some other man that had come along some little time before and delivered up possession to him, a party that came to him and showed him he had a tax deed.

"*Mr. Carpenter:* I desire to have the matter appear upon the record.

"*Mr. Farley:* You have all your objections.

"*Mr. Carpenter:* No, I have not. I desire to offer

the tax records and I ask grace to put in a defense in this case. All I care for is that this matter can appear in this record. I have got some proof. I have the deed to show that the party is in possession of the property.

"*The Court:* I do not think under your statement that would make any difference with this matter. It seems to me the proceedings in this case in the first place to take the decree were proper. Notice for reconveyance was properly served some three or four years ago, or five—three or four years ago at any rate—in 1904. The sheriff has made his return. This petition has been served asking for a writ of assistance under the proceedings at that time. It seems to me all the steps taken were regular, and that he is entitled to a writ of assistance at this time.

"*Mr. Farley:* I will prepare that order for a writ of assistance if I have the time before leaving, or can I mail it to your honor?

"*The Court:* Yes, you can do that.

"*Mr. Carpenter:* I wish to make the offer of this testimony so it will appear that I offer—

"*Mr. Farley* (interrupting): We object to the offer.

"*Mr. Carpenter:* I desire an objection. I wish it to appear in the record that the defendant—not the defendant in this case, but George M. Haney, appears in this proceeding.

"*Mr. Farley:* We don't know George M. Haney and never heard of him.

"*Mr. Carpenter:* He offers to appear here.

"*Mr. Farley:* Well, we object to it.

"*The Court:* You may prepare your writ of assistance.

"*Mr. Farley:* Yes, I will try and do that before I go home.

"*Mr. Carpenter:* I wish to arrange or have an understanding in regard to settling this record from the minutes of the stenographer. There will be an appeal taken.

"*The Court:* That is a matter you would not have to agree with him."

Relator George M. Haney made no motion for leave to intervene in the matter of the application for a writ of assistance. He did not put himself in a position to be bound, or affected, by such determination of that proceeding as the court might make. No continuance was asked for. Nothing was done, upon the record, either to estab-

lish the right of Elijah Haney to contest the issuing of the writ of assistance, or to bring in George M. Haney, as a party intervening, or otherwise. Indeed, the statements made by the solicitor for Elijah Haney support the conclusion that Elijah Haney was not, and did not claim to be, in possession of the land and did not occupy, or claim to occupy, presently, a position from which he could contest the issuing of the writ of assistance. Later, George M. Haney filed a petition by—and signed by—his solicitor, stating that he was not a party to the tax proceeding, nor to the proceeding for a writ of assistance, but was interested in a portion of the land in controversy and was in possession thereof by a tenant, holding an adverse and paramount title derived from the auditor general. In the petition, various verbal attacks are made upon the original tax proceedings under which Miller claimed, and it concludes with the statement that petitioner claims—

"The right to raise all of the points and objections stated in the preceding paragraphs to Mr. Miller's application for writ of assistance, so far as the east 80 acres of land is concerned, and hereby assigns all the grounds and reasons mentioned in the foregoing paragraphs, claiming that all of such grounds exist in this case, for the purpose of, and in support of, this application or motion to have this court so amend the decree, announced by the court, * * * so that such writ of assistance shall not include or be issued against the east one-half," etc., of the land.

What might have occurred if George M. Haney had seasonably sought for permission to intervene in the tax matter and oppose the issuing of a writ of assistance, we need not consider. What he seeks now is an order permitting him to appeal from the order granting the writ of assistance, and he seeks this, not on his own behalf alone, but jointly with another, as to whose possible rights his own are asserted to be adverse.

Various phases of the litigation which has been carried on by Elijah Haney and Archie T. Miller about the title to the land in controversy appear in *Haney* v. *Miller*, 154 Mich. 337 (117 N. W. 71, 745); *Haney* v. *Allegan*

*Circuit Judge*, 164 Mich. 581 (129 N. W. 865); *Haney* v. *Auditor General*, 165 Mich. 681 (131 N. W. 386); *Haney* v. *Allegan Circuit Judge*, 167 Mich. 489 (133 N. W. 482).

Without spreading upon the record in this opinion particular references to certain matter contained in the present record, matter scandalous and impertinent in itself, vituperative, and insulting to the respondent, we content ourselves with saying that the solicitor for relators apparently practices according to rules of his own, because in no particular, and in no instance, in the court below, did he comply with the rules of court and of chancery practice generally. The respondent appears to have considered with unusual patience his repeated presentations of applications for a settlement of a case on appeal and for approval of a bond after the first refusal of the court. In this court, neither the record nor the brief are prepared in conformity with the rules of court, and both might with propriety be stricken from the files without consideration. Statements contained in the record, some of them upon the oath of relators, are proper subjects for investigation in another proceeding. We have nevertheless carefully examined the mass of matter presented without arrangement, and much of it, apparently, without purpose, to discover if a right has been denied the relators.

We do not find any denial of right and decline to issue the writ prayed for. Respondent will recover costs.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, STONE, and BIRD, JJ., concurred. BLAIR, J., did not sit.