## GUSTIN v. FITZPATRICK.

1. TAXATION—TITLE—NOTICE—LOGS AND LOGGING—TIMBER.
   After a valid sale for taxes and after the period of redemption has expired, the State possesses the absolute title; the only interest which the landowner has is the privilege of securing a reconveyance upon sale to an individual by the State.

2. SAME—TIMBER—REPLEVIN.
   The owner of the record title of land which has been sold to the State for delinquent taxes, the period of redemption having expired, and which is thereafter acquired by a purchase of the tax title, has no right to maintain replevin for posts and ties, cut on the premises, although a statutory notice has not been served by or on behalf of the holder of the tax interest.

Error to Cheboygan; Shepherd, J. Submitted June 3, 1914. (Docket No. 16.) Decided October 2, 1914.

Replevin by Henry K. Gustin against Thomas Fitzpatrick and Henry Fitzpatrick for a quantity of ties

and posts. Judgment for defendants upon a directed verdict. Plaintiff brings error. Affirmed.

*H. K. Gustin, in pro. per.*

*Victor D. Sprague,* for appellees.

Bird, J. The plaintiff brought an action of replevin to recover the possession of certain fence posts and ties which he claimed to own, by reason of their having been cut from certain lands which he owned on section 24 in Cheboygan county. It was conceded that he acquired the original title thereto in July, 1906, and that the same was duly recorded in the register of deed's office for Cheboygan county. Plaintiff omitted to pay the taxes assessed thereon for the years 1906 and 1907, and, as a result thereof, the lands were sold and bid in by the State for the taxes of 1906. After the equity of redemption had expired, and on the 5th day of August, 1910, the lands were sold to the Michigan Land & Title Company. This company conveyed it to one William Gainor, who cut the fence posts and ties in the winter of 1910 and 1911, and sold them to the defendants. Neither the Michigan Land & Title Company nor Gainor served the statutory six months' notice required by the statute. The lands were wild and unimproved, and plaintiff never had the actual possession of them. Upon this state of facts the conclusion of the trial court was that, inasmuch as there was an outstanding tax title at the time of the commencement of suit, which plaintiff had made no attempt to redeem, or to obtain a reconveyance of, he could not maintain the replevin suit, and therefore directed a verdict for the defendants. The assignments of error present the question as to whether the trial court was in error in so disposing of the case. The question therefore pre-

182 Mich.—41.

sented by the record is whether the owner of the original title to lands may maintain replevin for timber cut therefrom, while a valid outstanding tax title is held by another, but before the six months' notice is given. It is conceded upon the record that the tax title held by Gainor is a valid one, but it is argued by plaintiff's counsel that, until he served the statutory six months' notice, the plaintiff has, or ought to have, such an interest in the lands as would entitle him to maintain the suit. Counsel present an able argument to the effect that the tax laws, construed as a whole, evince an intention upon the part of the legislature to leave such right in the original owner until the six months' notice terminated it. The difficulty of giving the provisions of the tax laws this construction becomes apparent from the repeated decisions of this court in which it is held that after a valid sale for taxes, and after the period of redemption has expired, the State possesses the absolute title to the land, and that the only interest which the landowner has is the privilege of securing a reconveyance upon a sale of the land by the State. *Griffin* v. *Kennedy*, 148 Mich. 583 (112 N. W. 756) ; *Haney* v. *Miller*, 154 Mich. 337 (117 N. W. 71, 745) ; *Haney* v. *Auditor General*, 165 Mich. 681 (131 N. W. 386) ; *White* v. *Dunsmore*, 167 Mich. 542 (133 N. W. 523).

If there is to be any change in the tax law as now construed by this court, we think it should be effected by additional legislation rather than by the court. The conclusion of the trial court was the proper one. The case is ruled by *White* v. *Dunsmore, supra,* where the questions are fully discussed.

The judgment is affirmed.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.