## BROADWELL v. WALKER.

1. DEEDS—LOGS AND LOGGING—TIME LIMIT TO REMOVE TIMBER—REVERSION.

Under a deed conveying the timber upon certain land with the right to cut and remove the same at any time within three years, providing that all timber remaining thereafter should revert to grantors, and further providing for an extension of time of two years "if conditions require it," the timber remaining upon the land at the end of three years reverted to and became the property of grantors' vendee of the land, where no extension was requested, claimed, or given, and no conditions shown requiring an extension.

2. LOGS AND LOGGING—REPLEVIN—DEFENSES—TAXATION.

Where plaintiff's land had been bid in to the State for taxes, but the period of redemption therefrom had not yet expired, his title was not so divested thereby as to preclude his maintaining an action of replevin for forest products unlawfully cut from said land by another.

3. SAME—STATE'S RIGHT TO ASSERT A LIEN NO DEFENSE.

Nor is it a defense to such action that, under 1 Comp. Laws 1915, §§ 4112, 4154, 4155, forbidding the cutting of timber upon lands upon which taxes remain unpaid, the State may assert a right to timber cut therefrom and seize same for payment of taxes.

4. SAME—LACHES—ESTOPPEL.

The finding of the court below that plaintiff was not estopped from maintaining said action because of his laches in permitting defendant to cut timber and his requesting payment of taxes, held, sustained by the record.

Error to Chippewa; Fead (Louis H.), J.    Submitted June 22, 1921.    (Docket No. 86.)    Decided November 3, 1921.

Replevin by Louis O. Broadwell against William

As to the effect of the expiration of time for removal of timber, see note in 47 L. R. A. (N. S.) 882.

As to title to timber when wrongfully severed, see note in 32 L. R. A. 422.

Walker for the possession of certain forest products. Judgment for plaintiff.   Defendant brings error. Affirmed.

*Wiley & Green* and *McDonald & Kaltz,* for appellant.

*M. M. Larmonth,* for appellee.

CLARK, J.   On July 6, 1914, Cadreau and wife conveyed to Rowan and Stegeman all timber upon the east ½ of west ½ of section 27 of Sugar Island

"together with the right to enter upon said premises and cut and remove said timber at any time within three years from date, but not thereafter.   All timber thereafter remaining or being thereon to revert and become the property of the first parties.   And will extend time to cut and remove two years if conditions require it.   To have and to hold, unto the said parties of the second part, their executors, administrators and assigns, to warrant and defend the sale of said timber hereby made to the parties of the second part, and their executors, administrators, and assigns, against all and every person or persons whatsoever, provided that the said parties of the second part will pay all taxes legally assessed to the said described lands during the time in which the said parties of the second part has to remove the said timber off from said described lands."

In August, 1914, interests of Rowan and Stegeman in the timber were conveyed to Mrs. Robert (Annie) Rowan

"with the privilege of entrance upon said lands to cut and remove the timber at any time within three years from date."

Plaintiff acquired title to the land in September, 1914, with knowledge of the timber deed.   Robert Rowan cut timber upon the land in 1915, 1916, 1917, and 1918.   In the summer of 1918, defendant purchased some of the timber cut by Rowan and in August formed a partnership with him under which they cut

for a time, and in November defendant received from Rowan a bill of sale of the timber upon the land, under which he continued the cutting until April, 1919.

In January, 1920, Robert Rowan and Annie Rowan, by an instrument recorded as a deed, did

"sell, assign, transfer, and set over to the said William Walker and to his heirs and assigns forever, all the right, title, and interest, belonging to both or either of us, in and to the timber, cut or uncut, and to the right to cut or remove the same."

—and which provided that

"This bill of sale is given in confirmation and for the completion of a bill of sale given and delivered to the said William Walker and dated November 5, 1918."

Having from the plaintiff an option, which however was not exercised and which expired, one Miller caused the land to be platted and the plat to be approved by the board of supervisors of the county and by the auditor general, and to be recorded January 22, 1915. For 1915 and subsequent years the land was assessed as platted. The taxes were not paid. Plaintiff did not pay them because of the obligation of the timber deed. Defendant did not pay them because the platting greatly increased the amount. In 1918 the lands were sold and bid to the State for the taxes of 1915. Respecting plaintiff's knowledge of the cutting in 1918 and 1919 and of delinquent taxes, we quote from the finding of the circuit judge:

"Plaintiff was on the premises in August, 1918, but states that he saw no one cutting timber and no fresh cuts. He was informed by John Joseph that Rowan had cut the timber taken off. He states he did not know defendant was cutting or had cut until just before commencement of suit when he was informed of it by Judge Colwell. He had instructed James J. McDonald to get Rowan to pay the first three years' taxes. McDonald, in the winter of 1919, finding that

defendant was cutting, asked him to pay the taxes, told him that he could not remove timber unless the taxes were paid, but defendant refused to pay them. McDonald had no other authority from the plaintiff than a request that he try to get the taxes paid."

In September, 1919, plaintiff brought replevin for the forest products then in possession of the defendant and which he had cut from the land, the value upon inventory being $3,970.80. The cause was tried without a jury. There was judgment for plaintiff. The court made findings of fact and conclusions of law to which exceptions were taken.

Defendant by his assignments of error contends: 1. That under the timber deed of July 6, 1914, the grantees and their assigns had five years thereafter in which to cut and remove the timber. Of this the trial court said:

"The claim is, in my judgment, untenable. The deed expressly provides for the reversion of the unremoved timber at the expiration of three years. The effect of this clause is to divest the purchaser of title at the end of that period. *Gamble* v. *Gates*, 92 Mich. 510. The provision for the extension of time follows the reversion clause. It is not absolute but provides for extension 'if conditions require it.' The conditions the parties had in mind as being sufficient to require extension are not stated although they might properly have been the subject of evidence to remove ambiguity. No extension of time was granted and no conditions requiring extension have been shown, other than the bare fact that the timber was not removed within three years."

But defendant insists that *Gamble* v. *Gates, supra,* supports his contention. In that case it was agreed that the second party to the contract be given three years in which to cut and remove the timber, that if more time be required second party be allowed two years more by paying all taxes levied or assessed on the lands during the additional time required, and that

all timber remaining on the land after the limit of the five years shall revert to and become the property of first party.   And it was held that all timber remaining upon the land at the expiration of the five years, whether cut or uncut, reverted to the vendor. There the time limited in the reversionary clause was five years, here, three years.   There the two years additional were to be had upon payment of taxes, which were paid at the time of trial.   Here the grantor agreed to give additional time "if conditions require it."   The extension was not requested or claimed. It was not given.   No conditions requiring an extension are shown.   The effect of the language was not to give absolutely a limit of five years; it gave a limit of three years, and there being no extension of time, the timber remaining upon the land at the end of such period became the property of plaintiff.

It was held in *Perkins* v. *Stockwell*, 131 Mass. 529 (quoting from syllabus) :

"A deed of land from P. to S. contained the following clause: 'Except reserving all the pine trees or timber thereon standing and to stand and grow thereon for the term of ten years from' a certain day, 'and longer by paying said S. ten dollars per year after the expiration of the ten years.'   *Held*, that the right of P. to the pine trees and timber was lost by his failure to elect to have them stand and grow, longer, by any offer of payment to S. for more than a year after the expiration of the ten years named."

—and in *Dye* v. *Woodenware Co.*, 169 Mich. 78 (quoting from syllabus) :

"Under a conveyance to defendant of all timber on certain land, to be removed before a date specified, after which all timber, whether cut or uncut, remaining thereon, should revert to complainant, logs cut and skidded, remaining on the land at the date named, became complainant's property."

See, also, 55 L. R. A. 513; 47 L. R. A. (N. S.) 870.

2. That plaintiff cannot maintain the action, having lost title to the land by the tax sale of May, 1918. The timber in question was cut and taken during the year following such tax sale.   At such sale the land was bid to the State.   Defendant claims that plaintiff's title to the land was divested by and upon such sale.   Plaintiff contends that because of his right of redemption from such sale his title was not so divested.

Section 4067, 1 Comp. Laws 1915, in part provides:

"If any parcel of land cannot be sold for taxes, interest and charges, such parcel shall be passed over for the time being, and shall, on the succeeding day, or before the close of the sale, be re-offered; and if on such second offer, or during such sale, the same cannot be sold for the amount aforesaid, the county treasurer shall bid off the same in the name of the State, for the State, county and township, in proportion to the taxes, interest and charges due each. And in such case the taxes assessed on the lands so bid off to the State, and the interest and charges thereon, shall remain a lien upon said lands,   *   *   * and thereupon the auditor general shall, after the period of redemption provided in section seventy-four has expired, execute deeds to the purchasers in such form as shall be determined by him.   All lands bid off in the name of the State shall continue liable to be taxed in the same manner as if they were not the property of the State, except as hereinafter provided."

Under section 4112, 1 Comp. Laws 1915, making it unlawful to cut or remove timber from land so bid in by the State, the auditor general may issue his warrant and seize such timber if so cut or removed, or sufficient thereof as may be necessary, to pay such tax.   Act No. 320, Public Acts of 1917, amending the general tax law (1 Comp. Laws 1915, § 4072), provides in part:

"Any person owning any of the lands sold as aforesaid, or any interest therein, may, at any time before the first Tuesday in May in the year following such

sale redeem any parcel of such lands, or any part or interest in such lands, by showing to the satisfaction of the county treasurer or auditor general that he owns only that part or interest in the same which he proposes to redeem, by paying to the county treasurer or auditor general the amount of the sale of the parcel of land, or the portion thereof wished to be redeemed, and interest thereon from the date of such sale."

The difference between State tax lands and State bids should be recognized. Section 4082, 1 Comp. Laws 1915; *Muirhead* v. *Sands*, 111 Mich. 487; *Hickey* v. *Rutledge*, 136 Mich. 128; *Griffin* v. *Kennedy*, 148 Mich. 583; *Allen* v. *Cowley*, 128 Mich. 531; *Board of Sup'rs of Alcona Co.* v. *Auditor General*, 136 Mich. 130; *Monaghan* v. *Auditor General*, 136 Mich. 247.

From the foregoing it appears that the plaintiff had until May, 1919, in which to redeem, that his title was not divested until the time for such redemption had expired, and that the sale for taxes of 1915 presents no obstacle to plaintiff's recovery in this cause.

Defendant relies upon *Gustin* v. *Fitzpatrick*, 182 Mich. 640. That was an action of replevin for forest products cut after the period of redemption from a sale and bid to the State had expired, and after sale by the State. It was held that the owner of the record title of the land so sold could not maintain replevin and that after a valid sale for taxes and after the period of redemption had expired the State possessed the absolute title. This case, and others of like holding, also cited, are not in point.

The defendant is not aided by section 4112, above cited, nor by sections 4154, 4155, 1 Comp. Laws 1915, making it unlawful to cut timber growing upon lands upon which taxes remain unpaid from and after the 10th day of January succeeding that at which the tax was assessed and making it the duty of the county treasurer to cause such timber if cut or removed or

such thereof as may be necessary, to be seized for such taxes. Plaintiff's right of possession of the timber is not to be denied because the State may assert a lien thereon for taxes.

3. That plaintiff is estopped to assert title to the timber because of his laches in permitting defendant to cut timber and his requesting payment of taxes. This contention · is disposed of by the circuit judge whose finding above set forth is sustained by the record and under which this defense may not be maintained. We find no error.

Judgment affirmed.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.